APPEAL NO. 13-15134

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | |
|---|---|
| Melissa J. Earll, | 5:11-cv-262-EJD |
|           Plaintiff-Appellant | |
| v. | |
| eBay Inc. | |
|           Defendant-Appellee. | |

On Appeal from the United States District Court
for the Northern District of California
The Honorable Edward J. Davila, Presiding

**EXCERPTS OF RECORD, Volume I**

Michael J. Aschenbrener
ASCHENRENER LAW, P.C.
795 Folsom St, First Floor
San Francisco, CA 94107
Telephone: 415-813-6245
Facsimile: 415-813-6246
mja@aschenbrenerlaw.com
Attorney for Appellant Melissa J. Earll

### INDEX TO EARLL'S EXCERPTS OF RECORD

| TAB | DESCRIPTION | DOCKET # | PAGE |
|-----|-------------|----------|------|
| 1 | Proposed First Amended Complaint—Exhibit B to Motion for Leave to File First Amended Complaint (4/13/2011) | 47-2 | ER 1 |
| 2 | Order Denying Without Prejudice 47 Motion for Leave to File Amended Complaint (9/7/2011) | 61 | ER 16 |
| 3 | First Amended Complaint (10/5/2011) | 63 | ER 22 |
| 4 | Order Granting 66 Motion to Dismiss First Amended Complaint (8/8/2012) | 76 | ER 41 |
| 5 | Second Amended Complaint (9/6/2012) | 77 | ER 49 |
| 6 | Order Granting 80 Motion to Dismiss Second Amended Complaint (12/20/2012) | 86 | ER 68 |
| 7 | Judgment in Favor of Defendant (12/20/2012) | 87 | ER 74 |
| 8 | Notice of Appeal (1/18/2013) | 88 | ER 75 |
| 9 | Trial Court Docket Sheet | n/a | ER 76 |

1  SEAN REIS  (SBN 184044)
   sreis@edelson.com
2  EDELSON MCGUIRE LLP
3  30021 Tomas Street, Suite 300
   Rancho Santa Margarita, California 92688
4  Telephone: (949) 459-2124
   Fax: (949) 459-2123

5
   JAY EDELSON (*pro hac vice application forthcoming*)
6  jedelson@edelson.com
7  MICHAEL J. ASCHENBRENER (*admitted pro hac vice*)
   maschenbrener@edelson.com
8  CHRISTOPHER L. DORE (*admitted pro hac vice*)
   cdore@edelson.com
9  EDELSON MCGUIRE LLC
   350 North LaSalle Street, Suite 1300
10 Chicago, Illinois 60654
   Telephone: (312) 589-6370
11 Fax: (312) 589-6378

12 ATTORNEYS FOR PLAINTIFF AND THE PUTATIVE CLASS

13              **UNITED STATES DISTRICT COURT**

14            **NORTHERN DISTRICT OF CALIFORNIA**

15                    **SAN JOSE DIVISION**

16 MELISSA J. EARLL, individually and on      ) Case No. 5:11-cv-262-JF
17 behalf of all others similarly situated,   )
                                              ) **FIRST AMENDED COMPLAINT FOR:**
18              Plaintiff,                     )
                                              )   1. Violations of the Americans with
19 v.                                         )      Disabilities Act, 42 U.S.C. §§ 12182;
                                              )   2. Violations of the California Disabled
20 EBAY INC., a Delaware corporation,         )      Persons Act, Cal. Civ. Code §§ 54, *et*
                                              )      *seq.*; and,
21              Defendant.                     )   3. Violations of the California Unruh
                                              )      Civil Rights Act, Cal. Civ. Code
22                                             )      §§ 51, *et seq.*
                                              )
23                                             )
                                              ) CLASS ACTION
24                                             )
                                              ) JURY TRIAL DEMANDED
25                                             )
                                              ) Original Complaint filed: March 16, 2010
26 _____  )

27

28

FIRST AMENDED COMPLAINT                                           11-cv-262-JF

ER 001

Plaintiff, by and through her attorneys, upon personal knowledge as to herself and her own acts and upon information and belief as to all other matters, alleges as follows:

**NATURE OF THE ACTION**

1.      Plaintiff Melissa J. Earll, a profoundly deaf person, brings this action on behalf of herself and all others similarly situated against defendant eBay Inc. ("eBay" or "Defendant") for eBay's unlawful practice of excluding person who are deaf or hard of hearing from selling items on eBay.com.

2.      eBay requires sellers to verify their identities in order to sell items on eBay.com. To do so, eBay places an automated phone call to the would-be seller and requires the would-be seller to verify her identity over the phone.

3.      Plaintiff, as a deaf person, cannot communicate vocally by telephone. As a result, she is not able to verify her identity with eBay.

4.      eBay steadfastly refuses to offer Plaintiff an alternative means to verify her identity, despite her repeated requests.

5.      Thus, eBay has violated and continues to violate the American with Disabilities Act ("ADA"), the California Disabled Persons Act ("DPA"), and the California Unruh Civil Rights Act with respect to deaf and hard of hearing persons.

**PARTIES**

6.      Plaintiff Melissa J. Earll is a resident of the city of Nevada in Vernon County, Missouri.

7.      Defendant eBay Inc. is the world's self-described largest online marketplace with 94 million registered users buying and selling $62 billion worth of goods annually. eBay Inc. is a Delaware corporation headquartered in San Jose, California. eBay Inc. does business throughout the state of California, and the nation.

## JURISDICTION AND VENUE

8.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S. § 1331.

9.     Personal jurisdiction and venue are proper because eBay is a corporation headquartered in Santa Clara County and/or because the improper conduct alleged herein occurred in, was directed from, and/or emanated or exported from California.

## FACTUAL BACKGROUND

10.     According to the Survey of Income and Program Participation ("SIPP") conducted by the U.S. Census Bureau, there are approximately 1 million deaf persons and nearly 10 million hard of hearing persons in the United States.

## FACTS RELATING TO EBAY

11.     In 2010, eBay Inc. reported revenue of $9.2 billion and income of $1.8 billion.

12.     Despite making billions of dollars annually, eBay has not implemented a system that allows deaf or hard of hearing persons to register as sellers with eBay.

13.     In order to register as a seller with eBay, one must provide eBay with a phone number. eBay then calls that number to verify the identity of the registering individual. During the aural verification process, eBay's automated system speaks a password or PIN to the prospective eBay seller. The prospective eBay seller then enters the PIN online to complete the registration process.

14.     Because deaf and hard of hearing persons are not able to verify their identities or receive PINs via telephone, eBay's verification system discriminates against deaf and hard of hearing persons in violation of the ADA, the DPA, and the Unruh Civil Rights Act.

15.     eBay's User Agreement, which it unilaterally drafted, states in relevant part:

> Law and Forum for Legal Disputes - This Agreement shall be
> governed in all respects by the laws of the State of California as
> they apply to agreements entered into and to be performed entirely
> within California between California residents, without regard to
> conflict of law provisions. You agree that any claim or dispute you

may have against eBay must be resolved exclusively by a state or federal court located in Santa Clara County, California, except as otherwise agreed by the parties or as described in the Arbitration Option paragraph below. You agree to submit to the personal jurisdiction of the courts located within Santa Clara County, California for the purpose of litigating all such claims or disputes.

16.     Per eBay's User Agreement, Plaintiff's agreement with eBay and her interactions with eBay are subject to California law.

17.     Per eBay's User Agreement, Plaintiff is to be treated as a resident of California for purposes of all legal disputes, including this lawsuit.

18.     eBay successfully relied on this clause in moving to transfer this case from the U.S. District Court for the Western District of Missouri to the present court, the U.S. District Court for the Northern District of California.

19.     eBay is judicially estopped from arguing that California laws do not apply to this dispute or to Plaintiff.  Having formally taken the position in this case that its "Law and Forum for Legal Disputes" provision applies to this matter and to Plaintiff, eBay may not now assert an inconsistent position.

## FACTS RELATING TO PLAINTIFF EARLL

20.     Plaintiff is diagnosed as profoundly deaf, the most severe categorization of deafness. The categories of deafness in increasing order of severity are mild, moderate, moderately severe, severe, and profound.

21.     On June 23, 2008, Plaintiff unsuccessfully attempted to register to sell certain items via eBay.com.

22.     During the online registration process, after completing the description for the item(s) she wished to sell on eBay, she was prompted to provide a phone number to eBay for aural identity verification.

23.     Because Plaintiff cannot hear, she is not able to verify her identity or receive a PIN via telephone. eBay provided Plaintiff with no alternative means of identity verification.

24.     Plaintiff clicked on the "Live Help" feature on the product listing page to inquire about an alternative to receiving a telephone call for verifying her identity. Rather than provide an alternative means, the eBay representative with whom Ms. Earll communicated, Shannon C., instructed Plaintiff to have a hearing person answer the phone for her in order to complete the registration process. Alternatively, the eBay representative suggested that Plaintiff write to eBay's Trust and Safety team to request the block on her account be removed without voice verification.

25.     Plaintiff grudgingly accepted the suggestion to write to the Trust and Safety team in order to communicate to eBay that as a result of being deaf she needed to confirm her identity via an alternative means.

26.     On June 23, 2008, Plaintiff wrote to the eBay Trust & Safety team via email to request that the block on her account be removed so that she could complete the registration process and begin selling items on eBay.

27.     On June 24, 2008, Plaintiff received a seemingly automated response to her email from Randy S. at eBay Customer Support. The response did not in any way relate to the voice verification process or her request to have the block on her account removed. The response referred to a "page not responding error."

28.     On June 30, 2008, Plaintiff replied to the nonresponsive response and reiterated the nature of her situation and request.

29.     On July 3, 2008, Plaintiff received a response from Henry Y., an eBay Customer Support Representative. Henry Y. apologized and provided to Plaintiff an internet link at which Henry Y. told her she would be able to verify her identity through the "Live Help" function at which time eBay would provide her with the PIN necessary to complete the registration process.

30.     On July 7, 2008, Plaintiff followed Henry Y.'s instructions and attempted to verify her identity through the "eBay Account Security Live Help!"

31.     During her live chat session on July 7, an eBay representative identified as Necia unsuccessfully attempted to register Plaintiff. Another eBay representative, Shayne, then informed Plaintiff that eBay would only verify her identity by phone. "The system is designed for us to send your PIN through a phone call. I apologize but we will not be able [to] use a different method Melissa. . . . We can give you a PIN through a phone call. Some account restrictions or issues can only be solved through a phone [sic] call and is one of those case [sic] Melissa." Shayne then reiterated the suggestion that Plaintiff enlist the help of a hearing person to answer the phone for her, even after she reminded Shayne that she is an independent adult who lives alone.

32.     On July 7, 2008, Plaintiff emailed eBay Customer Support again to inform them that eBay's suggested method of verifying her identity via live chat with eBay Account Security did not work.

33.     On July 13, 2008, Plaintiff received a form email from the eBay Account Security Team prompting Plaintiff to use the Live Help function to solve any problems. The email was not directed toward her specific issue.

34.     Plaintiff responded to this latest unhelpful email and reiterated her specific concerns in no uncertain terms.

35.     On August 4, 2008, Plaintiff received a response via email from Lily M. of eBay Customer Support. Lily M. advised Ms. Earll that she forwarded Plaintiff's email to the "appropriate team."

36.     The August 4, 2008 email marked the end of Plaintiff's attempts to register as a seller with eBay until December 2009.

37.     Plaintiff again unsuccessfully attempted to register to sell items on eBay.com in or about December 2009. This attempt was unsuccessful for the same reason described above: she was required to verify her identity by telephone.

38.     Plaintiff was never able to register with eBay as a seller and thus prevented

---

ER 006

1    from using eBay's services solely because of her disability.

2        39.    All of Plaintiff's interactions with eBay took place within the state of

3    California.

4                **EBAY'S VERIFICATION SYSTEM IS NEEDLESSLY DISCRIMINATORY**

5        40.    eBay has taken affirmative steps to discriminate against deaf and hard of

6    hearing persons by creating a system that they cannot use. The basis of this suit is not that

7    eBay has passively failed to accommodate deaf and hard of hearing persons. Rather, the basis

8    of the suit is that eBay has gone out of its way to design a system that deaf and hard of

9    hearing persons cannot use.

10       41.    By creating a seller registration system that solely utilizes sound, eBay has

11   erected a barrier to its website that screens out deaf and hard of hearing persons.

12       42.    What makes eBay's discriminatory conduct all the more galling is that

13   solutions to this problem are easy and inexpensive to implement—solutions being used by

14   thousands of companies online. eBay simply needs to implement a seller registration system

15   that utilizes PINs presented visually and aurally.

16                              **CLASS ALLEGATIONS**

17       43.    Plaintiff Earll brings this action pursuant to Fed. R. Civ. P. 23(a), 23(b)(2),

18   and 23(b)(3) on behalf of herself and a class of similarly situated persons: *all persons who*

19   *are deaf or hard of hearing in the United States who have attempted to register as sellers*

20   *with eBay and as a result have been prevented from doing so because of eBay's telephone*

21   *aural verification system*. Excluded from the Class are Defendant, their legal representatives,

22   assigns, and successors, and any entity in which Defendant has a controlling interest. Also

23   excluded is the judge to whom this case is assigned and the judge's immediate family.

24       44.    The Class consists of thousands of individuals and other entities, making

25   joinder impractical.

26       45.    The claims of Plaintiff are typical of the claims of all of the other members of

27

28

the Class.

46.     Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor her counsel have any interest adverse to those of the other members of the Class.

47.     Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive and will have no effective remedy. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

48.     eBay has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class.

49.     The factual and legal bases of eBay's liability to Plaintiff and to the other members of the Class are the same, resulting in injury to Plaintiff and all of the other members of the Class. Plaintiff and the other members of the Class have all suffered harm as a result of eBay's wrongful conduct.

50.     There are many questions of law and fact common to the claims of Plaintiff and the other members of the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include but are not limited to the following: whether eBay's conduct described herein violates the ADA, 42 U.S.C. §§ 12182(b)(1)(A)(i)-(iii) and 12182(b)(2)A)(i)-(iv); whether eBay's conduct described herein violates the DPA, Cal. Civ. Code §§ 54 *et seq*.; and, whether eBay's conduct described herein violates the California Unruh Civil Rights Act, Cal. Civ. Code

ER 008

§§ 51 *et seq.*

## FIRST CAUSE OF ACTION

### Declaratory Judgment that eBay's Conduct Violates the ADA

### (on behalf of Plaintiff and the Class)

51. Plaintiff incorporates by reference the foregoing allegations.

52. Plaintiff and eBay have adverse legal interests. There is a substantial controversy between Plaintiff and eBay of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. Plaintiff desires a judicial determination of their respective rights and duties, and a declaration that eBay, by not providing deaf and hard of hearing persons with a means to register to sell items via eBay, violated and continues to violate the ADA, 42 U.S.C. §§ 12181, *et seq.* as to Plaintiff and all deaf and hard of hearing persons.

53. Plaintiff seeks a declaratory judgment under Fed. R. Civ. P. 57 and 28 U.S.C. § 2201 that eBay's conduct described herein violates the ADA, 42 U.S.C. §§ 12181, *et seq.*

## SECOND CAUSE OF ACTION

### Violation of the ADA, 42 U.S.C. §§ 12182(b)(1)(A)(i)-(iii) and (b)(2)(A)(i)-(iv)

### (on behalf of Plaintiff and the Class)

54. Plaintiff incorporates by reference the foregoing allegations.

55. Section 12182(a) of the ADA states:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

56. Sections 12181(7)(D) & (E) defines private entities, like eBay, as places of public accommodation to include a "place of public gathering" and "a bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment" when

---

FIRST AMENDED COMPLAINT

11-cv-262-JF

they affect commerce. Section 12181(7) does not expressly limit places of public

accommodation to brick- and-mortar operations, nor does it expressly preclude Internet-

based operations.

57.     Section 12181(1) defines commerce as "travel, trade, traffic, commerce,

transportation, or communication—among the several States; between any foreign country or

any territory or possession and any State; or between points in the same State but through

another State or foreign country."

58.     eBay describes itself in the following manner:

> With more than 94 million active users globally, eBay is the
> world's largest online marketplace, where practically anyone can
> buy and sell practically anything. Founded in 1995, eBay connects
> a diverse and passionate community of individual buyers and
> sellers, as well as small businesses. Their collective impact on e-
> commerce is staggering: In 2010, the total worth of goods sold on
> eBay was $62 billion -- more than $2,000 *every second*.

59.     As a for-profit entity facilitating $62 billion in sales of goods annually in and

among the several States and internationally, eBay affects commerce, as defined in 42 U.S.C.

§ 12181(1).

60.     As "the world's largest online marketplace, where practically anyone can buy

and sell practically anything" and by "connect[ing] a diverse and passionate community,"

eBay is a "place of public gathering," as well as a "shopping center" as defined in 42 U.S.C.

§§ 12181(7)(D) & (E).

61.     eBay lists its categories of items for sale at

http://shop.ebay.com/allcategories/all-categories. These categories include "Clothing, Shoes

& Accessories" and "Tools & Home Improvement," among dozens of others, which correlate

to the "clothing store" and "hardware store" definitions in 42 U.S.C. § 12181(7)(E). And

with tens of millions of items for sale at any given moment, eBay is the epitome of a

"shopping center, or other sales or rental establishment," as defined in § 12181(7)(E).

62.     Accordingly, eBay is a "place of public accommodation," as defined in 42 U.S.C. §§ 12181(7) & 12182(a).

63.     Sections 12182(b)(1)(A)(i)-(iii) state in relevant part that it shall be discriminatory to deny participation to, require participation of an unequal benefit, or provide a separate benefit to an individual or a class of individuals on the basis of a disability or disabilities.

64.     Section 12182(b)(2)(A)(i) states that discrimination includes "the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability from fully and equally enjoying the goods, services, facilities, privileges, advantages, or accommodations unless necessary for the provision" thereof.

65.     eBay violates this section by imposing upon would-be eBay sellers a registration process that screens out or tends to screen out deaf and hard of hearing persons.

66.     Section 12182(b)(2)(A)(ii) states that discrimination includes "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities . . . "

67.     eBay violates this section by failing to make reasonable accommodations to its registration process necessary to afford deaf and hard of hearing persons access to eBay's services, facilities, privileges, advantages, and accommodations.

68.     Section 12182(b)(2)(A)(iii) states that discrimination includes "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services . . . "

69.     eBay violates this section by failing to take the necessary steps to ensure that deaf and hard of hearing persons are not excluded, denied services, segregated, or treated differently during the seller registration process.

70.     Section 12182(b)(2)(A)(iv) states that discrimination includes "a failure to remove . . . communication barriers . . . where such removal is readily achievable."

71.     eBay violates this section by failing to remove communication barriers—namely the aural verification system—from the seller registration process.

**THIRD CAUSE OF ACTION**

**Violation of the California Disabled Persons Act, Cal. Civ. Code §§ 54, *et seq.***

**(on behalf of Plaintiff and the Class)**

72.     Plaintiff incorporates by reference the foregoing allegations.

73.     The Disabled Persons Act ("DPA") states that "[i]ndividuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including . . . places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons." Cal. Civ. Code § 54.1(a)(1).

74.     eBay.com constitutes a "public place" within the meaning of the DPA.

75.     Deafness and hardness of hearing are disabilities as defined in Cal. Govt. Code § 12926.

76.     By denying access to eBay's selling services to deaf and hard of hearing persons, eBay, as a California business, is denying Plaintiff and Class members full and equal access to the accommodations, advantages, and facilities of eBay.com in violation of the DPA.

77.     Additionally, Section 54(c) states that "[a] violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section."

78.     As alleged above, eBay is violating the ADA; thus, it is—for this separate and independent reason from those articulated above—also violating the DPA.

79.     Plaintiff and Class members are entitled to injunctive relief to remedy the

ER 012

discrimination.

80.     Section 54.3 explicitly states that "*any* person denied any of the rights provided in Sections 54, 54.1, and 54.2" (emphasis added) may bring suit.

81.     Under § 54.3, Plaintiff and Class members are entitled to actual damages, treble damages, and statutory damages for each offense, plus attorneys' fees.

### FOURTH CAUSE OF ACTION

### Violation of the California Unruh Civil Rights Act, Cal. Civ. Code §§ 51, *et seq.*

### (on behalf of Plaintiff and the Class)

82.     Plaintiff incorporates by reference the foregoing allegations.

83.     Cal. Civ. Code § 51(b) states:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, marital status, or sexual orientation are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

84.     Cal. Civ. Code § 51.5(a) states:

> No business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, or refuse to buy from, contract with, sell to, or trade with any person in this state on account of any characteristic listed or defined in subdivision (b) or (e) of Section 51, or of the person's partners, members, stockholders, directors, officers, managers, superintendents, agents, employees, business associates, suppliers, or customers, because the person is perceived to have one or more of those characteristics, or because the person is associated with a person who has, or is perceived to have, any of those characteristics.

85.     Cal. Civ. Code § 51.5(b) defines "person" to include "any person, firm, association, organization, partnership, business trust, corporation, limited liability company, or company.

86.     Deafness and hardness of hearing are disabilities as defined in Cal. Govt. Code §§ 12926 and 12926.1.

87.     By denying access to eBay's selling services to deaf and hard of hearing persons, eBay is denying Plaintiff and Class members full and equal access to the accommodations, advantages, and facilities, privileges, or services of eBay.com in violation of § 51.

88.     By discriminating against Plaintiff on account of her disability, eBay is violating § 51.5.

89.     Additionally, § 51(f) states that "[a] violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

90.     As alleged above, eBay is violating the ADA; thus, it is—for this separate and independent reason from those articulated above—also violating § 51.

91.     Section 52 explicitly states that "*any* person denied the rights provided in Section 51, 51.5, or 51.6" (emphasis added) may bring suit.

92.     Under § 52(a), Plaintiff and Class members are entitled to actual damages (both special and general damages), treble damages, and statutory damages for each and every offense, plus attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and the Class, prays for the following relief:

A.      A preliminary and permanent injunction prohibiting eBay from violating the ADA;

B.      A preliminary and permanent injunction prohibiting eBay from violating the DPA;

C.      A preliminary and permanent injunction prohibiting eBay from violating the Unruh Civil Rights Act;

D.      A preliminary and permanent injunction requiring eBay to make the seller

1    registration process readily accessible to and usable by deaf and hard of

2    hearing persons;

3    E.    Declare that eBay created its seller registration process in a manner that

4          discriminates against deaf and hard of hearing persons and fails to provide

5          access for persons disabilities, as required by law;

6    F.    An order certifying this case as a class action on behalf of the Class defined

7          above; appointing Melissa J. Earll as class representative; and appointing her

8          counsel as class counsel;

9    G.    Award of the maximum actual damages allowed by law;

10   H.    Award of the maximum treble damages allowed by law;

11   I.    Award of the maximum statutory damages allowed by law;

12   J.    Award Plaintiff and the Class their reasonable litigation expenses and

13         attorneys' fees;

14   K.    Award Plaintiff and the Class pre- and post-judgment interest, to the extent

15         allowable;

16   L.    Enter injunctive and/or declaratory relief as necessary to protect the interests

17         of Plaintiff and the Class; and,

18   M.    Award such other and further relief as equity and justice may require.

19                                **JURY TRIAL**

20   93.   Plaintiff demands a trial by jury for all issues so triable.

21

22   Dated: April 13, 2011                    Respectfully submitted,

23

24                                            s/ Michael Aschenbrener
                                              Michael Aschenbrener

25                                            EDELSON MCGUIRE, LLC

26

27

28

---

FIRST AMENDED COMPLAINT                14                              11-cv-262-JF

**E-Filed 9/7/2011**

1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                  **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10                              **SAN JOSE DIVISION**

11

| | |
|---|---|
| MELISSA J. EARLL, individually and on behalf of all others similarly situated, | Case Number 5:11-cv-00262-JF (HRL) |
| Plaintiff, | **ORDER[1] DENYING WITHOUT PREJUDICE MOTION FOR LEAVE TO FILE AMENDED COMPLAINT** |
| v. | |
| eBAY, INC. a Delaware corporation, | [Re: Docket No. 47] |
| Defendant. | |

17

Pursuant to Fed. R. Civ. P. 15(a)(2), Plaintiff Melissa J. Earll ("Earll") seeks leave to file her first amended complaint ("FAC") in order to withdraw her claim under the Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* ("the UCL") and to add a claim under the Unruh Civil Rights Act, Cal. Civ. Code §§ 51, *et seq.* ("Unruh"). Defendant eBay, Inc. ("eBay") opposes the motion, asserting that amendment would be futile. The Court having considered the parties' submissions and oral arguments of counsel presented at the hearing on August 5, 2011, the motion will be denied without prejudice.

### I. BACKGROUND

Earll, who is hearing impaired, brings this putative class action against eBay, asserting that eBay's seller verification system is inaccessible to the deaf community. Compl. ¶ 15. She

---

[1] This disposition is not designated for publication in the official reports.

Case No. 5:11-cv-00262 JF (HRL)
ORDER DENYING WITHOUT PREJUDICE MOTION FOR LEAVE TO FILE AMENDED COMPLAINT
(JFLC1)

alleges that she attempted to register as a seller on eBay.com but was unable to do so because eBay required that she verify her identity through an automated, telephonic verification process. *Id.* ¶¶ 16-34. As a resident of Missouri, Earll filed the putative class action on March 16, 2010, in the Western District of Missouri. In her original complaint Earll asserts claims pursuant to the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.* ("the ADA"), the California Disabled Persons Act, Cal. Civ. Code §§ 54, *et seq.* ("the DPA"), and the UCL. As explained above, the proposed FAC would add an Unruh Act claim and withdraw Earll's claim for relief under the UCL. In addition, it would supplement Earll's ADA and DPA claims with additional information.

On January 19, 2011, the case was transferred to this district. Subsequently, eBay filed a motion to dismiss the original complaint, and a hearing was set for May 13, 2011. By the parties' stipulation, the hearing date was vacated in order that the Court could hear the instant motion for leave to amend before ruling on the motion to dismiss.

## II. LEGAL STANDARD

Fed. R. Civ. P. 15(a) provides that "[t]he court should freely give leave when justice so requires." Absent any "apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). Rule 15 thus embraces "the principle that the purpose of pleading is to facilitate a proper decision on the merits.'" *Id.* at 181-82 (quoting *Conley v. Gibson*, 355 U.S. 41, 48 (1957)). In short, the policy permitting amendment is to be applied with "extreme liberality." *Eminence Capital, L.L.C. v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citation omitted). Factors which merit departure from the usual "[l]iberality in granting a plaintiff leave to amend" include bad faith and futility. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). Undue delay, standing alone, is insufficient to justify denial of a motion for leave to amend. *Id.* at 758.

Case No. 5:11-cv-00262 JF (HRL)
ORDER DENYING WITHOUT PREJUDICE MOTION FOR LEAVE TO FILE AMENDED COMPLAINT
(JFLC1)

# III. ANALYSIS

## A. Standing

As a preliminary matter, eBay contends that as an out-of-state resident, Earll cannot seek the relief provided by the DPA and the Unruh Act. In response, Earll relies on a recent decision in *Valentine v. NebuAd*, 08-cv-5113 (THE), 2011 WL 1296111 (N.D. Cal. Apr. 4, 2011), which held that out-of-state residents may bring actions against in-state residents under California statutes when the statute provides relief to "all persons" generally. eBay asserts that *Valentine* directly contradicts long-standing authority from the California Supreme Court, holding that all California statutes shall be interpreted to provide relief only for California residents unless otherwise stated. *N. Alaska Salmon Co. v. Pillsbury*, 162 P. 93, 94 (1916).

Here, public policy weighs in favor of allowing Earll to pursue her state law claims. Earll is litigating in California only because eBay sought to transfer the action from Earll's home state of Missouri. Moreover, in moving for transfer of venue, eBay relied upon the forum selection clause in its user agreement, which provides that the agreement "be governed in all respects by the laws of the State of California as they apply to agreements entered into and to be performed entirely within California by California residents." Armbruster Decl. ISO Mot. to Dismiss or Alternatively to Transfer Venue, Ex. B, Dkt. 15.

## B. Futility

eBay argues that the motion must be denied because amendment would be futile. According to eBay, Earll's DPA claim and her proposed Unruh Act claim both fail because they are wholly derivative of her ADA claim, which itself is not actionable because the eBay website is not a place of public accommodation within the meaning of the ADA. Title III of the ADA prohibits discrimination in public accommodations. In order to prevail on a discrimination claim under Title III, a plaintiff must show that: (1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied a public accommodation by the defendant because of her disability. *Ariz. ex rel. Goddard v. Harkins Amusement Enters*., 603 F.3d 666, 670 (9th Cir. 2010). Under controlling Ninth Circuit authority, "places of public accommodation" under the

3

1    ADA are limited to actual physical spaces. *Weyer v. Twentieth Century Fox Film Corp.*, 198

2    F.3d 1104, 1114 (9th Cir. 2000). Thus, eBay is correct in arguing that the ADA cannot afford a

3    remedy to Earll in this case.

4          However, this conclusion does not render the action meritless. Earll may be able to

5    pursue her remaining claims if they are asserted as independent claims separate from the alleged

6    ADA violations. The Unruh Act provides that, "[a]ll persons within the jurisdiction of this state

7    are free and equal, and no matter what their ... disability . . . are entitled to the full and equal

8    accommodations, advantages, facilities, privileges, or services in all business establishments of

9    every kind whatsoever." Cal. Civ. Code § 51(b). The DPA guarantees that "[i]ndividuals with

10   disabilities shall be entitled to full and equal access, as other members of the general public, to

11   accommodations, advantages, facilities, . . . places of public accommodation, amusement, or

12   resort, and other places to which the general public is invited." *Id.* at § 54.1(a)(1).

13        A violation of the Unruh Act may be maintained independent of an ADA claim where a

14   plaintiff pleads "intentional discrimination in public accommodations in violation of the terms of

15   the Act." *Munson v. Del Taco, Inc.*, 46 Cal.4th 661, 668 (2009) (quoting *Harris v. Capital*

16   *Growth Investors XIV*, 52 Cal.3d 1142, 1175 (1991)). An independent DPA claim requires a

17   showing that accessibility regulations promulgated under California law exceed those set by the

18   ADA. Cal. Civ. Code § 54.1(a)(3); *See Urhausen v. Longs Drug Stores Cal., Inc.*, 155

19   Cal.App.4th 254, 263 (2007) (holding that "full and equal access" is defined by § 54.1 to mean

20   access that complies with the regulations developed under the ADA, or under state statutes, if the

21   latter impose a higher standard."). Both the Unruh Act and the DPA apply to websites "as a kind

22   of business establishment and an accommodation, advantage, facility, and privilege of a place of

23   public accommodation, respectively. No nexus to . . . physical [places] need be shown."

24   *National Federation of Blind v. Target Corp.*, 582 F. Supp. 2d 1185, 1196 (N.D. Cal. 2007).

25        Earll contends that her DPA and Unruh Act claims are not derivative of her ADA claim.

26   She maintains that on its face the DPA imposes a higher burden on eBay than does the ADA

27   because the language of the DPA "is broader than that of the ADA." *Id.* However, the DPA is

28   not a freestanding statute. To succeed on a DPA claim, a plaintiff must point to separate

4

1    California state regulations that prescribe higher accessibility standards than the ADA. *Id.* at

2    1207. Nor can an alleged violation of the Unruh Act, by itself, support a DPA claim. The Unruh

3    Act does not establish standards for accessibility; rather it amounts to a prohibition against

4    discrimination generally. In order to state an independent DPA claim, Earll would need to allege

5    in effect a particular provision or regulation under California law that "requires higher standards

6    of website accessibility than the ADA. . ." *Id.*

7        With respect to her Unruh Act claim, Earll argues that she has pled intentional

8    discrimination sufficiently. In the proposed FAC, she alleges that eBay affirmatively

9    discriminates against the deaf and that "eBay has gone out of its way to design a system that deaf

10   and hard of hearing persons cannot use." FAC ¶ 40. She also alleges that eBay refuses to

11   implement "easy and inexpensive"solutions "being used by thousands of companies online." *Id.*

12   ¶ 42. However, these allegations are conclusory and lack the requisite factual support to make

13   out a plausible claim for intentional discrimination. Although Earll alleges multiple instances of

14   one-on-one contact with eBay in which eBay representatives suggested that she "enlist the help

15   of a hearing person," these allegations are offset by other alleged communications in which eBay

16   representatives informed her that she "would be able to verify her identity through the 'Live

17   Help' function [on eBay's website]." *Id.* ¶¶ 20, 25, 27, 29, 31.

18       That Earll did not succeed in verifying her identity through these alternative means does

19   not reasonably imply that eBay was unwilling or unable to remedy the situation. As described in

20   the proposed pleading, eBay's actions do not necessarily amount to an intentional denial of

21   access to a public accommodation. An amended complaint setting forth additional specificity is

22   needed.

23   //

24   //

25   //

26   //

27   //

28   //

5

1    **IV. ORDER**

2         There is no indication that Earll's proposed amendments reflect any measure of bad faith

3    or undue delay.  Nor can eBay credibly claim that any substantial prejudice would result from

4    such amendments.  Accordingly, the motion for leave to file a first amended complaint is

5    DENIED WITHOUT PREJUDICE.  Earll shall file an amended complaint consistent with this

6    order not later than thirty (30) days from the date of this order.  The pending motion to dismiss is

7    hereby terminated as moot.

8    **IT IS SO ORDERED**.

9

10   DATED: September 6, 2011                                              _____

11                                                                        JEREMY FOGEL
                                                                          United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 5:11-cv-00262 JF (HRL)
ORDER DENYING WITHOUT PREJUDICE MOTION FOR LEAVE TO FILE AMENDED COMPLAINT
(JFLC1)

ER 021

MICHAEL J. ASCHENBRENER (277114)
mja@aschenbrenerlaw.com
ASCHENBRENER LAW, P.C.
795 Folsom Street, First Floor
San Francisco, California 94107
Telephone: (415) 813-6245
Fax: (415) 813-6246

ATTORNEYS FOR PLAINTIFF AND THE PUTATIVE CLASS

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| MELISSA J. EARLL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EBAY INC., a Delaware corporation,<br><br>Defendant. | ) Case No. 5:11-cv-262-EJD<br>)<br>) **FIRST AMENDED COMPLAINT FOR:**<br>)<br>)   1.  Violations of the Americans with<br>)       Disabilities Act, 42 U.S.C. §§ 12182;<br>)   2.  Violations of the California Disabled<br>)       Persons Act, Cal. Civ. Code §§ 54, *et*<br>)       *seq*.; and,<br>)   3.  Violations of the California Unruh<br>)       Civil Rights Act, Cal. Civ. Code<br>)       §§ 51, *et seq*.<br>)<br>) CLASS ACTION<br>)<br>) JURY TRIAL DEMANDED<br>)<br>) Original Complaint filed: March 16, 2010 |

FIRST AMENDED COMPLAINT

11-cv-262-EJD

ER 022

1    Plaintiff, by and through her attorneys, upon personal knowledge as to herself and her

2    own acts and upon information and belief as to all other matters, alleges as follows:

3

4                               **NATURE OF THE ACTION**

5    1.    Plaintiff Melissa J. Earll, a profoundly deaf person, brings this action on

6    behalf of herself and all others similarly situated against defendant eBay Inc. ("eBay" or

7    "Defendant") for eBay's unlawful practice of excluding persons who are deaf or hard of

8    hearing from selling items on eBay.com.

9    2.    eBay requires sellers to verify their identities in order to sell items on

10   eBay.com. To do so, eBay places an automated phone call to the would-be seller during the

11   online registration process and requires the would-be seller to verify her identity by listening

12   to a spoken PIN code or password and then inputting that PIN code or password online.

13   3.    Plaintiff, as a deaf person, cannot hear PIN codes spoken over the telephone.

14   eBay does not offer an alternative method of identity verification despite Plaintiff's repeated

15   requests to accommodate her on account of her disability, and despite readily available

16   alternative verification tools and technologies. As a result of eBay's intentionally

17   discriminatory conduct, Plaintiff is not able to verify her identity with eBay and is thus not

18   able to sell items on eBay.

19   4.    Accordingly, eBay has violated and continues to violate the American with

20   Disabilities Act ("ADA"), the California Disabled Persons Act ("DPA"), and the California

21   Unruh Civil Rights Act with respect to deaf and hard of hearing persons.

22

23                                    **PARTIES**

24   5.    Plaintiff Melissa J. Earll is a resident of the city of Nevada in Vernon County,

25   Missouri.

26   6.    Defendant eBay Inc. is the world's self-described largest online marketplace

27   with 94 million registered users buying and selling $62 billion worth of goods annually. eBay

28

---

FIRST AMENDED COMPLAINT                    1                        11-cv-262-EJD

ER 023

Inc. is a Delaware corporation headquartered in San Jose, California. eBay Inc. does business throughout the state of California, and the nation.

### JURISDICTION AND VENUE

7.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S. § 1331.

8.     Personal jurisdiction and venue are proper because eBay is a corporation headquartered in Santa Clara County and/or because the improper conduct alleged herein occurred in, was directed from, and/or emanated or exported from California.

### FACTUAL BACKGROUND

9.     According to the Survey of Income and Program Participation ("SIPP") conducted by the U.S. Census Bureau, there are approximately 1 million deaf persons and nearly 10 million hard of hearing persons in the United States.

### FACTS RELATING TO EBAY

10.     In 2010, eBay Inc. reported revenue of $9.2 billion and income of $1.8 billion.

11.     Despite making billions of dollars annually, eBay has not implemented a system that allows deaf or hard of hearing persons to register as sellers with eBay.

12.     In order to register as a seller with eBay, one must provide eBay with a phone number. eBay then calls that number to verify the identity of the registering individual. During the aural verification process, eBay's automated system speaks a password or PIN to the prospective eBay seller. The prospective eBay seller then enters the PIN online to complete the registration process.

13.     At all times relevant, eBay has not provided an alternative to automated, aural telephone use for deaf or hard of hearing persons.

14.     Because deaf and hard of hearing persons are not able to verify their identities

---

FIRST AMENDED COMPLAINT

2

11-cv-262-EJD

ER 024

or receive PINs via telephone, eBay's verification system discriminates against deaf and hard

of hearing persons in violation of the ADA, the DPA, and the Unruh Civil Rights Act.

15.     eBay's User Agreement, which it unilaterally drafted, states in relevant part:

> Law and Forum for Legal Disputes - This Agreement shall be
> governed in all respects by the laws of the State of California as
> they apply to agreements entered into and to be performed entirely
> within California between California residents, without regard to
> conflict of law provisions. You agree that any claim or dispute you
> may have against eBay must be resolved exclusively by a state or
> federal court located in Santa Clara County, California, except as
> otherwise agreed by the parties or as described in the Arbitration
> Option paragraph below. You agree to submit to the personal
> jurisdiction of the courts located within Santa Clara County,
> California for the purpose of litigating all such claims or disputes.

16.     Per eBay's User Agreement, Plaintiff's agreement with eBay and her

interactions with eBay are subject to California law.

17.     Per eBay's User Agreement, Plaintiff is to be treated as a resident of

California for purposes of all legal disputes, including this lawsuit.

18.     eBay successfully relied on this clause in moving to transfer this case from the

U.S. District Court for the Western District of Missouri to the present court, the U.S. District

Court for the Northern District of California.

19.     eBay should be judicially estopped from arguing that California laws do not

apply to this dispute or to Plaintiff.  Having formally taken the position in this case that its

"Law and Forum for Legal Disputes" provision applies to this matter and to Plaintiff, eBay

may not now assert an inconsistent position.

20.     eBay.com is not an Internet-only business; it also provides a nexus to physical

locations. eBay stated in a recent press release that "eBay.com now offers consumers a one-

stop destination for deals, both online and in [brick-and-mortar] stores nearby. Through Milo

integration, consumers have even more choice now, with access to millions of products from

ER 025

approximately 50,000 stores across all 50 states in the U.S."[1] The press release continues: "eBay shoppers can now use a new local shopping tab to check a product's local, or in-store, availability directly from the eBay search results page. In addition product pages for several product categories include a local shopping tab so shoppers can find the exact product they want, whether it's online or at a local retailer near them." The release concludes: "[r]etailers have been thrilled with the local shopping features on eBay, which really help drive more people into their stores to buy products."

21.     All of this is part of eBay's Local initiative, which allows consumers to use eBay to shop online and in physical stores.[2]

22.     In other words, Internet-based and local store-based shopping are fully integrated throughout eBay.com. As a result, eBay.com is not merely an Internet business, but also an extension of thousands of physical stores throughout the country. eBay expressly and literally serves as a nexus between the online and offline shopping worlds. Accordingly, there is no longer a distinction on eBay.com between buying online and in the physical world—it is all one.

23.     By discriminating against deaf and hard of hearing persons in their use of eBay.com, eBay discriminates against those persons in their use of online places of public accommodation and physical places of public accommodation.

**FACTS RELATING TO PLAINTIFF EARLL**

24.     Plaintiff is diagnosed as profoundly deaf, the most severe categorization of deafness. The categories of deafness in increasing order of severity are mild, moderate, moderately severe, severe, and profound.

---

[1] eBay's Local Shopping Experts Discuss New Local Initiatives, http://www.ebayinc.com/press_releases#ebays_local_shopping_experts_discuss_new, April 21, 2011, last accessed on October 5, 2011.

[2] http://www.ebay.com/local, last accessed on October 5, 2011.

ER 026

25. On June 23, 2008, Plaintiff unsuccessfully attempted to register to sell certain items via eBay.com.

26. During the online registration process, after completing the description for the item(s) she wished to sell on eBay, she was prompted to provide a phone number to eBay so that eBay could place an automated phone call to Plaintiff to verify her identity. During that call, a computer would speak a PIN code or password, which the listener would then input online.

27. Because Plaintiff cannot hear, she is not able to verify her identity or receive a PIN via telephone. eBay provided Plaintiff with no alternative means of identity verification, despite her requests.

28. Plaintiff, with no prompting by eBay to do so, clicked on the "Live Help" feature on the product listing page to inquire via live Internet chat about an alternative to receiving a telephone call for verifying her identity. The eBay representative, Shannon C., did not provide an alternative means for Plaintiff to verify her identity.

29. On June 23, 2008, Plaintiff wrote to the eBay Trust & Safety team via email to request that the block on her account be removed so that she could complete the registration process and begin selling items on eBay.

30. On June 24, 2008, Plaintiff received a seemingly automated response to her email from Randy S. at eBay Customer Support. The response did not in any way relate to the voice verification process or her request to have the block on her account removed. The response referred to a "page not responding error."

31. On July 7, 2008, Plaintiff attempted to verify her identity through the "eBay Account Security Live Help!" During her live chat session on July 7, an eBay representative identified as Shayne informed Plaintiff that eBay would only verify her identity by phone. "The system is designed for us to send your PIN through a phone call. I apologize but we will not be able [to] use a different method Melissa. . . . We can give you a PIN through a phone call. Some account restrictions or issues can only be solved through a phone call and is

ER 027

[sic] one of those case [sic] Melissa."

32. On July 7, 2008, Plaintiff emailed eBay Customer Support again to request an alternative means of identity verification so that she could complete the seller registration process.

33. On July 13, 2008, Plaintiff received a form email from the eBay Account Security Team prompting Plaintiff to use the Live Help function (which had already failed her) to solve any problems. The generic email was not directed toward and did not reference her specific issue.

34. Plaintiff responded to this latest unhelpful email and reiterated her disability and specific concerns in no uncertain terms.

35. On August 4, 2008, Plaintiff received a response via email from Lily M. of eBay Customer Support. Lily M. advised Ms. Earll that she forwarded Plaintiff's email to the "appropriate team." Ms. Earll never heard from the appropriate team. In fact, Ms. Earll never heard from anyone at all at eBay regarding this matter.

36. Plaintiff again unsuccessfully attempted to register to sell items on eBay.com in or about December 2009. This attempt was unsuccessful for the same reason described above: she was required but unable on account of her disability to verify her identity by telephone.

37. Plaintiff was never able to register with eBay as a seller and thus prevented from using eBay's services solely because of her disability. Plaintiff was never provided any reason other than her disability for being prevented from registering as a seller.

38. Plaintiff's interactions with eBay regarding her disability demonstrate the intentional nature of eBay's discrimination toward Plaintiff and Class members.

39. All of Plaintiff's interactions with eBay took place within the state of California.

ER 028

**EBAY'S VERIFICATION SYSTEM IS INTENTIONALLY DISCRIMINATORY**

40.     eBay has taken affirmative steps to discriminate against deaf and hard of hearing persons by creating a system that they cannot use. The basis of this suit is not that eBay has passively failed to accommodate deaf and hard of hearing persons. Rather, the basis of the suit is that eBay has gone out of its way to design a system that deaf and hard of hearing persons cannot use. In short, eBay intentionally discriminates against deaf and hard of hearing persons.

41.     By creating a seller registration system that requires hearing ability and that provides no alternative, eBay has erected a barrier to its website that screens out or tends to screen out deaf and hard of hearing persons.

42.     What makes eBay's discriminatory conduct all the more galling is that solutions to this problem are readily available. eBay simply needs to implement a seller registration system that utilizes PINs presented visually and aurally.

43.     For example, upon information and belief, chase.com, a website for JPMorgan Chase & Co., requires registration and identity verification for use of certain parts of its website. Like eBay, chase.com requires authentication within the website and outside of the website. While eBay's off-website authentication is only phone call-based, chase.com allows users to choose from phone calls, text messages, and emails for off-website authentication.

44.     In all likelihood, eBay could fix the disability access problems alleged herein by implementing a system similar to that used by chase.com: allow the registering seller to choose whether to receive a phone call, a text message, or an email for off-site identity verification. This method even serves both deaf and visually impaired users. eBay's unwillingness to utilize readily available systems to accommodate deaf and hard of hearing users further demonstrates eBay's discriminatory intent.

**CLASS ALLEGATIONS**

45.     Plaintiff Earll brings this action pursuant to Fed. R. Civ. P. 23(a), 23(b)(2),

---

FIRST AMENDED COMPLAINT                          7                          11-cv-262-EJD

ER 029

and 23(b)(3) on behalf of herself and a class of similarly situated persons: *all persons who are deaf or hard of hearing in the United States who have attempted to register as sellers with eBay and as a result have been prevented from doing so because of eBay's telephone aural verification system*. Excluded from the Class are Defendant, their legal representatives, assigns, and successors, and any entity in which Defendant has a controlling interest. Also excluded is the judge to whom this case is assigned and the judge's immediate family.

46.     The Class consists of thousands of individuals and other entities, making joinder impractical.

47.     The claims of Plaintiff are typical of the claims of all of the other members of the Class.

48.     Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor her counsel have any interest adverse to those of the other members of the Class.

49.     Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive and will have no effective remedy. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

50.     eBay has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class.

51.     The factual and legal bases of eBay's liability to Plaintiff and to the other members of the Class are the same, resulting in injury to Plaintiff and all of the other members of the Class. Plaintiff and the other members of the Class have all suffered harm as

a result of eBay's wrongful conduct.

52.     There are many questions of law and fact common to the claims of Plaintiff and the other members of the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include but are not limited to the following: whether eBay's conduct described herein violates the ADA, 42 U.S.C. §§ 12182(b)(1)(A)(i)-(iii) and 12182(b)(2)A)(i)-(iv); whether eBay's conduct described herein violates the DPA, Cal. Civ. Code §§ 54 *et seq*.; and, whether eBay's conduct described herein violates the California Unruh Civil Rights Act, Cal. Civ. Code §§ 51 *et seq*.

## FIRST CAUSE OF ACTION

### Violation of the ADA, 42 U.S.C. §§ 12182(b)(1)(A)(i)-(iii) and (b)(2)(A)(i)-(iv)

### (on behalf of Plaintiff and the Class)

53.     Plaintiff incorporates by reference the foregoing allegations.

54.     Section 12182(a) of the ADA states:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

55.     Sections 12181(7)(D) & (E) defines private entities, like eBay, as places of public accommodation to include a "place of public gathering" and "a bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment" when they affect commerce. Section 12181(7) does not expressly limit places of public accommodation to brick- and-mortar operations, nor does it expressly preclude Internet-based operations.

56.     Section 12181(1) defines commerce as "travel, trade, traffic, commerce, transportation, or communication—among the several States; between any foreign country or

1   any territory or possession and any State; or between points in the same State but through

2   another State or foreign country."

3       57.     eBay describes itself in the following manner:

4               With more than 94 million active users globally, eBay is the
                world's largest online marketplace, where practically anyone can
5               buy and sell practically anything. Founded in 1995, eBay connects
                a diverse and passionate community of individual buyers and
6               sellers, as well as small businesses. Their collective impact on e-
                commerce is staggering: In 2010, the total worth of goods sold on
7               eBay was $62 billion -- more than $2,000 *every second*.

8

9       58.     As a for-profit entity facilitating $62 billion in sales of goods annually in and

10  among the several States and internationally, eBay affects commerce, as defined in 42 U.S.C.

11  § 12181(1).

12      59.     As "the world's largest online marketplace, where practically anyone can buy

13  and sell practically anything" and by "connect[ing] a diverse and passionate community,"

14  eBay is a "place of public gathering," as well as a "shopping center" as defined in 42 U.S.C.

15  §§ 12181(7)(D) & (E).

16      60.     eBay lists its categories of items for sale at

17  http://shop.ebay.com/allcategories/all-categories. These categories include "Clothing, Shoes

18  & Accessories" and "Tools & Home Improvement," among dozens of others, which correlate

19  to the "clothing store" and "hardware store" definitions in 42 U.S.C. § 12181(7)(E). And

20  with tens of millions of items for sale at any given moment, eBay is the epitome of a

21  "shopping center, or other sales or rental establishment," as defined in § 12181(7)(E).

22      61.     Accordingly, eBay is a "place of public accommodation," as defined in 42

23  U.S.C. §§ 12181(7) & 12182(a).

24      62.     Sections 12182(b)(1)(A)(i)-(iii) state in relevant part that it shall be

25  discriminatory to deny participation to, require participation of an unequal benefit, or provide

26  a separate benefit to an individual or a class of individuals on the basis of a disability or

27  disabilities.

28

FIRST AMENDED COMPLAINT                    10                    11-cv-262-EJD

63.     Section 12182(b)(2)(A)(i) states that discrimination includes "the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability from fully and equally enjoying the goods, services, facilities, privileges, advantages, or accommodations unless necessary for the provision" thereof.

64.     eBay violates this section by imposing upon would-be eBay sellers a registration process that screens out deaf and hard of hearing persons.

65.     Section 12182(b)(2)(A)(ii) states that discrimination includes "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities . . . "

66.     eBay violates this section by failing to make reasonable accommodations to its registration process necessary to afford deaf and hard of hearing persons access to eBay's services, facilities, privileges, advantages, and accommodations.

67.     Section 12182(b)(2)(A)(iii) states that discrimination includes "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services . . . "

68.     eBay violates this section by failing to take the necessary steps to ensure that deaf and hard of hearing persons are not excluded, denied services, segregated, or treated differently during the seller registration process.

69.     Section 12182(b)(2)(A)(iv) states that discrimination includes "a failure to remove . . . communication barriers . . . where such removal is readily achievable."

70.     eBay violates this section by failing to remove communication barriers—namely the aural verification system—from the seller registration process despite the availability of readily achievable alternatives.

71.     As alleged herein, eBay facilitates offline shopping as well as the online shopping for which it is so well known. At eBay.com, offline and online shopping are

ER 033

1   inextricably linked. Thus, eBay prevents Plaintiff on account of her being deaf from selling

2   both online and offline/locally via eBay.com. In other words, eBay's discriminatory conduct

3   limits Plaintiff's access to both online places of public accommodation and places of public

4   accommodation in the physical world.

6                           **SECOND CAUSE OF ACTION**

7   **Violation of the California Disabled Persons Act, Cal. Civ. Code §§ 54, *et seq.***

8                   **(on behalf of Plaintiff and the Class)**

9       72.    Plaintiff incorporates by reference the foregoing allegations.

10      73.    The Disabled Persons Act ("DPA") states that "[i]ndividuals with disabilities

11  shall be entitled to full and equal access, as other members of the general public, to

12  accommodations, advantages, facilities, medical facilities, including . . . places to which the

13  general public is invited, subject only to the conditions and limitations established by law, or

14  state or federal regulation, and applicable alike to all persons." Cal. Civ. Code § 54.1(a)(1).

15      74.    Section 54.1(a)(3) states that "'full and equal access,' for purposes of this

16  section in its application to transportation, means access that meets the standards of Titles II

17  and III of the Americans with Disabilities Act of 1990 and federal regulations adopted

18  pursuant thereto, except that, if the laws of this state prescribe higher standards, it shall mean

19  access that meets those higher standards." (Citations omitted.)

20      75.    The DPA does not otherwise define "full and equal access" for applications

21  other than transportation.

22      76.    Regardless, "the laws of this state prescribe higher standards" than the ADA

23  because the DPA and the Unruh Act both have been interpreted to apply to websites even

24  absent a nexus to physical locations, while the ADA has been interpreted by some courts to

25  require a nexus between websites and physical locations.

26      77.    Section 54.1(a)(3) does not state that higher standards than the ADA apply

27  only if prescribed by state laws *other* than the DPA. In other words, the DPA itself may

FIRST AMENDED COMPLAINT            12                    11-cv-262-EJD

1    prescribe higher standards that eBay must meet.

2         78.    The DPA and the Unruh Act are the two exclusive state laws regulating

3    disability access for private entities applicable to this case. Thus, there are no other statutes

4    or regulations on which the DPA may rely in this case.

5         79.    Both the DPA and the Unruh Act require disability access for websites to

6    which the general public is invited.

7         80.    The "general public is invited" to sell on eBay.com. As eBay itself states,

8    eBay.com is the place "where practically anyone can buy and sell practically anything."

9    eBay.com thus constitutes a "public place" within the meaning of the DPA. Thus, the DPA

10   and the Unruh Act require that eBay.com be accessible to deaf and hard of hearing persons.

11        81.    Deafness and hardness of hearing are disabilities as defined in Cal. Govt.

12   Code § 12926.

13        82.    By denying access to eBay's selling services to deaf and hard of hearing

14   persons, eBay, as a California business, is denying Plaintiff and Class members full and

15   equal access to the accommodations, advantages, and facilities of eBay.com in violation of

16   the DPA.

17        83.    Additionally, Section 54(c) states that "[a] violation of the right of an

18   individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also

19   constitutes a violation of this section."

20        84.    As alleged above, eBay is violating the ADA; thus, it is—for this separate and

21   independent reason from those articulated above—also violating the DPA. For the sake of

22   clarity, Plaintiff alleges both ADA-independent and ADA-dependent violations of the DPA.

23        85.    Plaintiff and Class members are entitled to injunctive relief to remedy the

24   discrimination.

25        86.    Section 54.3 explicitly states that "*any* person denied any of the rights

26   provided in Sections 54, 54.1, and 54.2" (emphasis added) may bring suit.

27        87.    Under § 54.3, Plaintiff and Class members are entitled to actual damages,

28

ER 035

treble damages, and statutory damages for each offense, plus attorneys' fees.

**THIRD CAUSE OF ACTION**

**Violation of the California Unruh Civil Rights Act, Cal. Civ. Code §§ 51, *et seq.***

**(on behalf of Plaintiff and the Class)**

88.     Plaintiff incorporates by reference the foregoing allegations.

89.     Cal. Civ. Code § 51(b) states:

> All persons within the jurisdiction of this state are free and equal,
> and no matter what their sex, race, color, religion, ancestry,
> national origin, disability, medical condition, marital status, or
> sexual orientation are entitled to the full and equal
> accommodations, advantages, facilities, privileges, or services in
> all business establishments of every kind whatsoever.

90.     Cal. Civ. Code § 51.5(a) states:

> No business establishment of any kind whatsoever shall
> discriminate against, boycott or blacklist, or refuse to buy from,
> contract with, sell to, or trade with any person in this state on
> account of any characteristic listed or defined in subdivision (b) or
> (e) of Section 51, or of the person's partners, members,
> stockholders, directors, officers, managers, superintendents,
> agents, employees, business associates, suppliers, or customers,
> because the person is perceived to have one or more of those
> characteristics, or because the person is associated with a person
> who has, or is perceived to have, any of those characteristics.

91.     Cal. Civ. Code § 51.5(b) defines "person" to include "any person, firm, association, organization, partnership, business trust, corporation, limited liability company, or company.

92.     Deafness and hardness of hearing are disabilities as defined in Cal. Govt. Code §§ 12926 and 12926.1.

93.     By denying access to eBay's selling services to deaf and hard of hearing persons, eBay is denying Plaintiff and Class members full and equal access to the accommodations, advantages, and facilities, privileges, or services of eBay.com in violation of § 51.

94.     By discriminating against Plaintiff on account of her disability, eBay is violating § 51.5.

95.     eBay is a "business establishment" within the meaning of § 51. Selling services on eBay.com are inaccessible to deaf and hard of hearing patrons. This inaccessibility denies deaf and hard of hearing patrons full and equal access to the facilities, goods, and services that eBay makes available to the non-disabled public. eBay is violating the Unruh Act in that eBay is denying deaf and hard of hearing customers the ability to sell on eBay.com. Upon information and belief, these violations are ongoing.

96.     eBay's actions constitute intentional discrimination against the class on the basis of a disability in violation of the Unruh Act in that: eBay has constructed a website that is inaccessible to Plaintiff and Class members; maintains the website in this inaccessible form; and has failed to take actions to correct these barriers even after being notified of the discrimination that such barriers cause.

97.     Additionally, § 51(f) states that "[a] violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

98.     As alleged above, eBay is violating the ADA; thus, it is—for this separate and independent reason from those articulated above—also violating § 51. For the sake of clarity, Plaintiff alleges both ADA-independent and ADA-dependent violations of the Unruh Act.

99.     Section 52 explicitly states that "*any* person denied the rights provided in Section 51, 51.5, or 51.6" (emphasis added) may bring suit.

100.    Under § 52(a), Plaintiff and Class members are entitled to actual damages (both special and general damages), treble damages, and statutory damages for each and every offense, plus attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and the Class, prays for the following

---

FIRST AMENDED COMPLAINT                    15                    11-cv-262-EJD

relief:

    A.    A preliminary and permanent injunction prohibiting eBay from violating the ADA;

    B.    A preliminary and permanent injunction prohibiting eBay from violating the DPA;

    C.    A preliminary and permanent injunction prohibiting eBay from violating the Unruh Civil Rights Act;

    D.    A preliminary and permanent injunction requiring eBay to make the seller registration process readily accessible to and usable by deaf and hard of hearing persons;

    E.    Declare that eBay created its seller registration process in a manner that discriminates against deaf and hard of hearing persons and fails to provide access for persons disabilities, as required by law;

    F.    An order certifying this case as a class action on behalf of the Class defined above; appointing Melissa J. Earll as class representative; and appointing her counsel as class counsel;

    G.    Award of the maximum actual damages allowed by law;

    H.    Award of the maximum treble damages allowed by law;

    I.    Award of the maximum statutory damages allowed by law;

    J.    Award Plaintiff and the Class their reasonable litigation expenses and attorneys' fees;

    K.    Award Plaintiff and the Class pre- and post-judgment interest, to the extent allowable;

    L.    Enter injunctive and/or declaratory relief as necessary to protect the interests of Plaintiff and the Class; and,

    M.    Award such other and further relief as equity and justice may require.

**JURY TRIAL**

101.    Plaintiff demands a trial by jury for all issues so triable.


Dated: October 5, 2011                        Respectfully submitted,


                                              s/ Michael Aschenbrener
                                              Michael Aschenbrener
                                              ASCHENBRENER LAW, P.C.

ER 039

**CERTIFICATE OF SERVICE**

The undersigned certifies that, on October 5, 2011, he caused this document to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of filing to counsel of record for each party.

Dated: October 5, 2011                    ASCHENBRENER LAW, P.C.


                                          By: s/ Michael Aschenbrener
                                          Michael Aschenbrener

1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                         SAN JOSE DIVISION

11   MELISSA J. EARLL,              )   Case No.: 5:11-CV-00262-EJD
                                    )
12              Plaintiff,          )   **ORDER GRANTING DEFENDANT'S**
                                    )   **MOTION TO DISMISS FIRST**
13    v.                            )   **AMENDED COMPLAINT**
                                    )
14   EBAY INC.,                     )   **(Re: Docket No. 66)**
                Defendant.          )
15   _____)
                                    )
16          Presently before the court is Defendant eBay Inc.'s ("eBay") Motion to Dismiss the First

17   Amended Complaint ("FAC") filed by Plaintiff Melissa J. Earll ("Earll"), on behalf of herself and

18   all others similarly situated. See Docket No. 66. Earll filed written opposition to the motion. See

19   Docket No. 68. The court found this matter suitable for decision without oral argument pursuant to

20   Civil Local Rule 7-1(b) and previously vacated the hearing date. Subject matter jurisdiction in this

21   court arises pursuant to 28 U.S.C. § 1331. Personal jurisdiction and venue are proper because eBay

22   is a corporation headquartered in Santa Clara County. Having fully reviewed the moving, opposing

23   and reply papers filed by the parties, the court has determined eBay's motion should be

24   GRANTED for the reasons described below.

25               **I.  FACTUAL AND PROCEDURAL BACKGROUND**

26          The allegations contained in this section are taken largely from the FAC. Earll, a Missouri

27   resident who is deaf, attempted to use eBay's selling services on June 23, 2008. FAC, Docket No.

28

1

Case No. 5:11-cv-00262-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FIRST AMENDED
COMPLAINT

63, ¶¶ 24-25. Earll alleges she was unable to register as an eBay seller because eBay's seller

registration process includes a telephone verification component. Id. ¶¶ 26-27. For over six weeks,

Earll repeatedly told eBay that she was deaf and that the procedures employed by eBay prevented

her from registering as a seller. Id. ¶¶ 25-37. Earll participated in several "live chat" sessions and

exchanged many emails with eBay representatives where she communicated with eBay

representatives over the Internet, but none accommodated her request to register as a seller using an

alternate means of verification. Id. ¶¶ 28, 31. Earll alleges eBay intentionally discriminated against

hearing-impaired persons by creating a verification system they cannot use. Id. ¶ 40.

Earll filed the putative class action on March 16, 2010 in the Western District of Missouri.

In her original complaint, Earll asserted claims pursuant to the Americans with Disabilities Act, 42

U.S.C. §§ 12101, *et seq.* ("ADA") and the California Disabled Persons Act, Cal. Civ. Code §§ 54,

*et seq.* ("DPA").[1] See Docket No. 1. While the case was pending in Missouri, eBay moved to

dismiss the case, or alternatively sought to transfer venue to the Northern District of California. See

Docket Nos. 14-17. On January 4, 2011, the court in Missouri granted eBay's motion to transfer

venue, denied eBay's motion to dismiss as moot, and ordered the case transferred to the Northern

District of California. See Docket No. 28. After transfer to this court, eBay moved again to dismiss

the case on April 8, 2011. See Docket No. 45.

Thereafter, Earll moved for leave to file an amended complaint, which advanced claims

under the ADA and DPA, and also sought to add a claim under the Unruh Civil Rights Act, Cal.

Civ. Code §§ 51, *et seq.* ("Unruh Act"). See Docket No. 47. Judge Fogel denied Earll's motion for

leave to amend without prejudice, and dismissed eBay's then-pending motion to dismiss as moot.

Order, Docket No. 61, at 6:4-7. In denying Earll's motion to file an amended complaint, Judge

Fogel held that (1) the ADA could not afford a remedy to Earll in this case because eBay.com is

not a place of public accommodation, but (2) Earll may be able to state an independent claim under

the Unruh Act if she sufficiently pleaded intentional discrimination and (3) Earll may be able to

---

[1] Earll also filed a claim under the Unfair Competition Law, Cal. Bus. & Prof. Code §§17200, *et seq.*, which she later withdrew in her FAC.

Case No. 5:11-cv-00262-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FIRST AMENDED
COMPLAINT

United States District Court
For the Northern District of California

1  state independent claims under the DPA if she alleged a violation of a California law that requires

2  higher standards of website accessibility than the ADA. Order at 3:18-5:22. Earll had not done so

3  in her proposed amended complaint, but Judge Fogel granted Earll leave to file an amended

4  complaint consistent with his order.

5       On October 5, 2011, Earll filed her FAC alleging violations of the ADA, the DPA, and the

6  Unruh Act.

7  ## II.  LEGAL STANDARD

8       Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient

9  specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it

10  rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). A

11  complaint which falls short of the Rule 8(a) standard may therefore be dismissed if it fails to state a

12  claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is

13  appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a

14  cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir.

15  2008).

16       When deciding whether to grant a motion to dismiss, the court must accept as true all "well-

17  pleaded factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). The court must also

18  construe the alleged facts in the light most favorable to the plaintiff. Love v. United States, 915

19  F.2d 1242, 1245 (9th Cir. 1988). However, "courts are not bound to accept as true a legal

20  conclusion couched as a factual allegation." Twombly, 550 U.S. at 555. Moreover, anything

21  beyond the pleadings generally may not be examined. Hal Roach Studios, Inc. v. Richard Feiner &

22  Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). But "material which is properly submitted as part of

23  the complaint may be considered." Twombly, 550 U.S. at 555.

24       "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear

25  that the complaint could not be saved by amendment." Eminence Capital, LLC v. Aspeon, Inc.,

26  316 F.3d 1048, 1052 (9th Cir. 2003). "A district court's failure to consider the relevant factors and

27

28

3

Case No. 5:11-cv-00262-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FIRST AMENDED
COMPLAINT

articulate why dismissal should be with prejudice instead of without prejudice may constitute an abuse of discretion." Id.

### III. DISCUSSION

**A.      Violation of the ADA**

To prevail on a discrimination claim under Title III of the ADA, a plaintiff must show that: (1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied a public accommodation by the defendant because of her disability. Ariz. ex. rel. Goddard v. Harkins Amusement Enters., 603 F.3d 666, 670 (9th Cir. 2010).

In denying Earll's motion to amend, Judge Fogel found that, "[u]nder controlling Ninth Circuit authority, 'places of public accommodation' under the ADA are limited to actual physical spaces. Weyer v. Twentieth Century Fox Film Corp., 198 2 F.3d 1104, 1114 (9th Cir. 2000). Thus, eBay is correct in arguing that the ADA cannot afford a remedy to Earll in this case." Order at 3:28-4:3. Judge Fogel granted Earll leave to file an amended complaint consistent with his Order.

Despite Judge Fogel's Order, Earll alleged an ADA violation in the FAC. In opposing this motion to dismiss, Earll argues that Judge Fogel misinterpreted Weyer, or, alternatively, Weyer was incorrectly decided.

The ADA claim in the FAC is inconsistent with Judge Fogel's Order and therefore exceeded the scope of Earll's leave to amend the complaint. Additionally, Earll's attempt to re-litigate whether eBay.com is a place of public accommodation is, in effect, a motion for reconsideration, which is not properly before the Court. See Civil L.R. 7–9; Wehlage v. EmpRes Healthcare Inc., 821 F. Supp. 2d 1122, 1134 (N.D. Cal. 2011) (observing that "attempts to re-litigate . . . the merits . . . are, in effect, motions for reconsideration . . . ." and rejecting arguments on grounds that movant had failed to seek leave under Civ. L.R. 7-9(a)). Therefore, eBay's motion to dismiss the ADA claim is GRANTED. Because Earll will not be able to overcome the fact that the ADA does not apply to eBay.com by amending her complaint, leave to amend is not appropriate.

4

Case No. 5:11-cv-00262-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

**B.    Violation of the DPA**

The DPA provides that "[i]ndividuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, . . . and privileges of all common carriers, . . . modes of transportation . . . , places of public accommodation, . . . and other places to which the general public is invited . . . ." Cal. Civ. Code §§ 54, 54.1(a)(1).

Judge Fogel recognized that Earll could still assert a DPA claim independent of her ADA claim, but to do so she "would need to allege in effect a particular provision or regulation under California law that requires higher standards of website accessibility than the ADA." Order at 5:4-6 (internal citation and quotations omitted). "The DPA is not a freestanding statute. To succeed on a DPA claim, a plaintiff must point to separate California state regulations that prescribe higher accessibility standards than the ADA." Id. at 4:27-5:1

Contrary to Judge Fogel's Order, Earll did not allege a particular California provision or regulation requiring higher standards of website accessibility than the ADA in the FAC. Rather, Earll argues that Judge Fogel misinterpreted the DPA and that the DPA is a freestanding statute, which does not require a DPA claim be based on a separate California statute.

The DPA claim in the FAC is inconsistent with Judge Fogel's Order and therefore exceeded the scope of Earll's leave to amend the complaint. Additionally, Earll's attempt to re-litigate whether the DPA requires that a plaintiff point to separate California state regulations that prescribe higher accessibility standards than the ADA is, in effect, a motion for reconsideration, which is not properly before the Court. See Civil L.R. 7–9(a); Wehlage, 821 F. Supp. 2d at 1134. If Earll seeks reconsideration Judge Fogel's Order regarding this issue, she must comply with Civil Local Rule 7-9. Therefore, eBay's motion to dismiss the DPA claim is GRANTED. Because Earll also alleges that "there are no other statutes or regulations on which the DPA may rely in this case," leave to amend would be futile.

Case No. 5:11-cv-00262-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FIRST AMENDED
COMPLAINT

**D.** **Violation of the Unruh Act**

The Unruh Civil Rights Act provides that "[a]ll person within the jurisdiction of this state are free and equal, and no matter what their . . . disability . . . are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b). To plead an Unruh Act violation independent of an ADA claim, a plaintiff must allege "intentional discrimination in public accommodations in violation of terms of the Act.' " Munson v. Del Taco, Inc., 46 Cal. 4th 661, 668 (2009) (quoting Harris v. Capital Growth Investors XIV, 52 Cal. 3d 1142, 1175 (1991)). The California Supreme Court has concluded that the Act requires allegations of "willful, affirmative misconduct," and that a plaintiff must allege more than the disparate impact of a facially neutral policy on a particular group. See Koebke v. Bernardo Heights Country Club, 36 Cal.4th 824, 854–54 (2005).

First, Earll argues that intentional discrimination may not be required to plead an independent Unruh Act violation. Judge Fogel previously held that "[a] violation of the Unruh Act may be maintained independent of an ADA claim where a plaintiff pleads 'intentional discrimination in public accommodations in violation of the terms of the Act.' " Order at 4:13-15. Judge Fogel denied Earll's motion to amend because Earll had not sufficiently pleaded facts showing intentional discrimination. Id. at 5:7-22. Earll's attempt to re-litigate whether intent is a necessary element of an independent Unruh Act violation is essentially a motion for reconsideration, which is not properly before the Court, and therefore this argument fails.

Additionally, Earll argues that she has sufficiently pleaded intentional discrimination. Judge Fogel rejected Earll's previous attempt to plead an Unruh Act claim because Earll's allegations that "eBay has gone out of its way to design a system that deaf and hard of hearing persons cannot use" and refused to implement "easy and inexpensive" solutions "being used by thousands of companies online" were "[c]onclusory and lack[ed] the requisite factual support to make out a plausible claim for intentional discrimination." Id. at 5:7-13. Judge Fogel further observed that Earll's allegations that she was told by eBay representatives to "enlist the help of a hearing person" were offset by "other alleged communications in which eBay representatives informed her that she 'would be able

Case No. 5:11-cv-00262-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FIRST AMENDED
COMPLAINT

*United States District Court*
*For the Northern District of California*

United States District Court
For the Northern District of California

to verify her identify through the Live help function [on eBay's website]' " Id. at 5:13-17. Judge Fogel concluded: "That Earll did not succeed in verifying her identity through these alternative means does not reasonably imply that eBay was unwilling or unable to remedy the situation" and that "[a]s described in [Earll's] proposed pleading, eBay's actions did not necessarily amount to an intentional denial of access to a public accommodation." Id. at 5:18-21.

Similar to Earll's proposed complaint, the FAC acknowledges that eBay generally "requires sellers to verify their identities in order to sell items on eBay.com" by "plac[ing] an automated phone call to the would-be seller" and "requir[ing] the would-be seller to verify her identify by listening to a spoken PIN code or password and then inputting that PIN code or password online." FAC ¶ 2. According to the FAC, eBay intentionally discriminated against Earll based on her disability by "construct[ing] a website that is inaccessible to [Earll] and Class members; maintain[ing] the website in this inaccessible form; and [failing] to take actions to correct these barriers even after being notified of the discrimination that such barriers cause."[1] Id. ¶ 96.

Earll's allegations describe a facially neutral verification process with a disparate impact on the deaf community, but they do not demonstrate intentional discrimination. Furthermore, the fact that Earll contacted eBay's customer service and unsuccessfully requested to have eBay's otherwise applicable procedures modified is not sufficient to state a plausible claim of intentional discrimination. FAC ¶¶ 27-35; Young v. Facebook, Inc., 790 F. Supp. 2d 1110, 1116 (N.D. Cal. 2011) (dismissing Unruh Act claim where plaintiff alleged that Facebook customer service was difficult to use but did not allege that "Facebook treated her differently *because* of her disability, nor . . . that Facebook applies its policies in a way that *targets* individuals with disabilities."). In

---

[1] eBay argues that even if Earll pleads intentional discrimination, Earll's Unruh Act claim still must be dismissed because no modification can be required of its website. Specifically, eBay argues that the Unruh Act applies to websites as a kind of business establishment and neither section 51 nor 51.5 of the Unruh Act shall be construed to "require any . . . modification of any sort . . . beyond [those] that [are] otherwise required by other provisions of law, to any new or existing establishment . . . ." Cal Civ Code §§ 51(d) and 51.5(c). Assuming *arguendo* that Sections 51(d) and 51.5(c) applies to websites, eBay has not demonstrated that correcting the alleged barriers to accessing its website would require that eBay.com be modified. Thus, eBay's argument that the FAC be dismissed on this basis fails.

7

Case No. 5:11-cv-00262-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

opposition to this motion, Earll argues that eBay designed and maintained its verification process in this manner in order to accomplish its goal of discrimination and that she also has a viable Unruh Act claim for discriminatory application. The FAC, however, does not allege facts supporting these potential theories of intentional discrimination.

Thus, Earll does not sufficiently plead intentional discrimination. Therefore, eBay's motion to dismiss Earll's Unruh Act claim IS GRANTED WITH LEAVE TO AMEND.

## IV. ORDER

Based on the foregoing, eBay's Motion to Dismiss the FAC is GRANTED WITHOUT LEAVE TO AMEND as to Earll's ADA and DPA claims. eBay's Motion to Dismiss is GRANTED WITH LEAVE TO AMEND as to Earll's Unruh Act claim. Any amended complaint must be filed no later than 30 days from the filing of this order.

IT IS SO ORDERED.

Dated: August 8, 2012



EDWARD J. DAVILA
United States District Judge

United States District Court
For the Northern District of California

8

Case No. 5:11-cv-00262-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FIRST AMENDED
COMPLAINT

ER 048

MICHAEL J. ASCHENBRENER (277114)
mja@aschenbrenerlaw.com
ASCHENBRENER LAW, P.C.
795 Folsom Street, First Floor
San Francisco, California 94107
Telephone: (415) 813-6245
Fax: (415) 813-6246

ATTORNEYS FOR PLAINTIFF AND THE PUTATIVE CLASS

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| MELISSA J. EARLL, individually and on behalf of all others similarly situated, | ) Case No. 5:11-cv-262-EJD |
| Plaintiff, | ) **SECOND AMENDED COMPLAINT FOR:** |
| v. | ) 1. Violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12182; |
| EBAY INC., a Delaware corporation, | ) 2. Violations of the California Disabled Persons Act, Cal. Civ. Code §§ 54, *et seq.*; and, |
| Defendant. | ) 3. Violations of the California Unruh Civil Rights Act, Cal. Civ. Code §§ 51, *et seq.* |
| | ) CLASS ACTION |
| | ) JURY TRIAL DEMANDED |
| | ) Original Complaint filed: March 16, 2010 |

SECOND AMENDED COMPLAINT                                         11-cv-262-EJD

ER 049

Plaintiff, by and through her attorneys, upon personal knowledge as to herself and her own acts and upon information and belief as to all other matters, alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff Melissa J. Earll, a profoundly deaf person, brings this action on behalf of herself and all others similarly situated against defendant eBay Inc. ("eBay" or "Defendant") for eBay's unlawful practice of excluding persons who are deaf or hard of hearing from selling items on eBay.com.

2. eBay requires sellers to verify their identities in order to sell items on eBay.com. To do so, eBay places an automated phone call to the would-be seller during the online registration process and requires the would-be seller to verify her identity by listening to a spoken PIN code or password and then inputting that PIN code or password online.

3. Plaintiff, as a deaf person, cannot hear PIN codes spoken over the telephone. eBay does not offer an alternative method of identity verification despite Plaintiff's repeated requests to accommodate her on account of her disability, and despite readily available alternative verification tools and technologies. As a result of eBay's intentionally discriminatory conduct, Plaintiff is not able to verify her identity with eBay and is thus not able to sell items on eBay.

4. Accordingly, eBay has violated and continues to violate the American with Disabilities Act ("ADA"), the California Disabled Persons Act ("DPA"), and the California Unruh Civil Rights Act with respect to deaf and hard of hearing persons.

## PARTIES

5. Plaintiff Melissa J. Earll is a resident of the city of Nevada in Vernon County, Missouri.

6. Defendant eBay Inc. is the world's self-described largest online marketplace with 94 million registered users buying and selling $62 billion worth of goods annually. eBay

ER 050

Inc. is a Delaware corporation headquartered in San Jose, California. eBay Inc. does business throughout the state of California, and the nation.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S. § 1331.

8.      Personal jurisdiction and venue are proper because eBay is a corporation headquartered in Santa Clara County and/or because the improper conduct alleged herein occurred in, was directed from, and/or emanated or exported from California.

## FACTUAL BACKGROUND

9.      According to the Survey of Income and Program Participation ("SIPP") conducted by the U.S. Census Bureau, there are approximately 1 million deaf persons and nearly 10 million hard of hearing persons in the United States.

## FACTS RELATING TO EBAY

10.     In 2010, eBay Inc. reported revenue of $9.2 billion and income of $1.8 billion.

11.     Despite making billions of dollars annually, eBay has not implemented a system that allows deaf or hard of hearing persons to register as sellers with eBay.

12.     In order to register as a seller with eBay, one must provide eBay with a phone number. eBay then calls that number to verify the identity of the registering individual. During the aural verification process, eBay's automated system speaks a password or PIN to the prospective eBay seller. The prospective eBay seller then enters the PIN online to complete the registration process.

13.     At all times relevant, eBay has not provided an alternative to automated, aural telephone use for deaf or hard of hearing persons.

14.     Because deaf and hard of hearing persons are not able to verify their identities

---

SECOND AMENDED COMPLAINT

2

11-cv-262-EJD

ER 051

or receive PINs via telephone, eBay's verification system discriminates against deaf and hard

of hearing persons in violation of the ADA, the DPA, and the Unruh Civil Rights Act.

15.     eBay's User Agreement, which it unilaterally drafted, states in relevant part:

> Law and Forum for Legal Disputes - This Agreement shall be
> governed in all respects by the laws of the State of California as
> they apply to agreements entered into and to be performed entirely
> within California between California residents, without regard to
> conflict of law provisions. You agree that any claim or dispute you
> may have against eBay must be resolved exclusively by a state or
> federal court located in Santa Clara County, California, except as
> otherwise agreed by the parties or as described in the Arbitration
> Option paragraph below. You agree to submit to the personal
> jurisdiction of the courts located within Santa Clara County,
> California for the purpose of litigating all such claims or disputes.

16.     Per eBay's User Agreement, Plaintiff's agreement with eBay and her

interactions with eBay are subject to California law.

17.     Per eBay's User Agreement, Plaintiff is to be treated as a resident of

California for purposes of all legal disputes, including this lawsuit.

18.     eBay successfully relied on this clause in moving to transfer this case from the

U.S. District Court for the Western District of Missouri to the present court, the U.S. District

Court for the Northern District of California.

19.     eBay should be judicially estopped from arguing that California laws do not

apply to this dispute or to Plaintiff.  Having formally taken the position in this case that its

"Law and Forum for Legal Disputes" provision applies to this matter and to Plaintiff, eBay

may not now assert an inconsistent position.

20.     eBay.com is not an Internet-only business; it also provides a nexus to physical

locations. eBay stated in a recent press release that "eBay.com now offers consumers a one-

stop destination for deals, both online and in [brick-and-mortar] stores nearby. Through Milo

integration, consumers have even more choice now, with access to millions of products from

ER 052

approximately 50,000 stores across all 50 states in the U.S."[1] The press release continues: "eBay shoppers can now use a new local shopping tab to check a product's local, or in-store, availability directly from the eBay search results page. In addition product pages for several product categories include a local shopping tab so shoppers can find the exact product they want, whether it's online or at a local retailer near them." The release concludes: "[r]etailers have been thrilled with the local shopping features on eBay, which really help drive more people into their stores to buy products."

21.     All of this is part of eBay's Local initiative, which allows consumers to use eBay to shop online and in physical stores.[2]

22.     In other words, Internet-based and local store-based shopping are fully integrated throughout eBay.com. As a result, eBay.com is not merely an Internet business, but also an extension of thousands of physical stores throughout the country. eBay expressly and literally serves as a nexus between the online and offline shopping worlds. Accordingly, there is no longer a distinction on eBay.com between buying online and in the physical world—it is all one.

23.     By discriminating against deaf and hard of hearing persons in their use of eBay.com, eBay discriminates against those persons in their use of online places of public accommodation and physical places of public accommodation.

**FACTS RELATING TO PLAINTIFF EARLL**

24.     Plaintiff is diagnosed as profoundly deaf, the most severe categorization of deafness. The categories of deafness in increasing order of severity are mild, moderate, moderately severe, severe, and profound.

---

[1] eBay's Local Shopping Experts Discuss New Local Initiatives, http://www.ebayinc.com/press_releases#ebays_local_shopping_experts_discuss_new, April 21, 2011, last accessed on October 5, 2011.

[2] http://www.ebay.com/local, last accessed on October 5, 2011.

25. On June 23, 2008, Plaintiff unsuccessfully attempted to register to sell certain items via eBay.com.

26. During the online registration process, after completing the description for the item(s) she wished to sell on eBay, she was prompted to provide a phone number to eBay so that eBay could place an automated phone call to Plaintiff to verify her identity. During that call, a computer would speak a PIN code or password, which the listener would then input online.

27. Because Plaintiff cannot hear, she is not able to verify her identity or receive a PIN via telephone. eBay provided Plaintiff with no alternative means of identity verification, despite her requests.

28. Plaintiff, with no prompting by eBay to do so, clicked on the "Live Help" feature on the product listing page to inquire via live Internet chat about an alternative to receiving a telephone call for verifying her identity. Plaintiff identified herself as a deaf person. The eBay representative, Shannon C., did not allow Plaintiff to register as an eBay seller.

29. On June 23, 2008, Plaintiff wrote to the eBay Trust & Safety team via email to request that the block on her account be removed so that she could complete the registration process and begin selling items on eBay. In her email, Plaintiff identified herself as a deaf person. In response, eBay did not allow Plaintiff to register as an eBay seller.

30. On July 7, 2008, Plaintiff again attempted to verify her identity through the "eBay Account Security Live Help!" During the chat session, Plaintiff identified herself as a deaf person. In response, eBay did not allow Plaintiff to register as an eBay seller.

31. Plaintiff again unsuccessfully attempted to register to sell items on eBay.com in or about December 2009. This attempt was unsuccessful for the same reason described above: she was required but unable on account of her disability to verify her identity by telephone.

32. Plaintiff was never able to register with eBay as a seller and thus prevented

from using eBay's services solely because of her disability. Plaintiff was never provided any reason other than her disability for being prevented from registering as a seller.

33.     Plaintiff's interactions with eBay regarding her disability demonstrate the intentional nature of eBay's discrimination toward Plaintiff.

34.     All of Plaintiff's interactions with eBay took place within the state of California.

35.     On July 22, 2010, Plaintiff met in person with in-house and outside counsel for eBay in Palo Alto, California to discuss the instant dispute. Despite having verified Ms. Earll's identity in person, eBay still refuses to allow Ms. Earll to register as a seller.

36.     If eBay's real purpose were to verify identities or prevent fraud, then surely an in-person meeting would suffice. Yet despite Plaintiff having flown to California, met with eBay legal personnel, and verified her identity in person, eBay refuses to allow Plaintiff to register as an eBay seller. Thus, eBay is intentionally discriminating against Plaintiff on account of her being deaf.

**EBAY'S VERIFICATION SYSTEM IS INTENTIONALLY DISCRIMINATORY**

37.     eBay has taken affirmative steps to discriminate against deaf and hard of hearing persons by creating a system that they cannot use. The basis of this suit is not that eBay has passively failed to accommodate deaf and hard of hearing persons. Rather, the basis of the suit is that eBay has gone out of its way to design a system that deaf and hard of hearing persons cannot use. In short, eBay intentionally discriminates against deaf and hard of hearing persons.

38.     By creating a seller registration system that requires hearing ability and that provides no alternative, eBay has erected a barrier to its website that screens out or tends to screen out deaf and hard of hearing persons.

39.     What makes eBay's discriminatory conduct all the more galling is that solutions to this problem are readily available. eBay simply needs to implement a seller

ER 055

registration system that utilizes PINs presented visually and aurally.

40.   For example, upon information and belief, chase.com, a website for JPMorgan Chase & Co., requires registration and identity verification for use of certain parts of its website. Like eBay, chase.com requires authentication within the website and outside of the website. While eBay's off-website authentication is only phone call-based, chase.com allows users to choose from phone calls, text messages, and emails for off-website authentication.

41.   In all likelihood, eBay could fix the disability access problems alleged herein by implementing a system similar to that used by chase.com: allow the registering seller to choose whether to receive a phone call, a text message, or an email for off-site identity verification. This method even serves both deaf and visually impaired users. eBay's unwillingness to utilize readily available systems to accommodate deaf and hard of hearing users further demonstrates eBay's discriminatory intent.

## CLASS ALLEGATIONS

42.   Plaintiff Earll brings this action pursuant to Fed. R. Civ. P. 23(a), 23(b)(2), and 23(b)(3) on behalf of herself and a class of similarly situated persons: *all persons who are deaf or hard of hearing in the United States who have attempted to register as sellers with eBay and as a result have been prevented from doing so because of eBay's telephone aural verification system.* Excluded from the Class are Defendant, their legal representatives, assigns, and successors, and any entity in which Defendant has a controlling interest. Also excluded is the judge to whom this case is assigned and the judge's immediate family.

43.   The Class consists of thousands of individuals and other entities, making joinder impractical.

44.   The claims of Plaintiff are typical of the claims of all of the other members of the Class.

45.   Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff has retained counsel with substantial experience in

ER 056

prosecuting complex litigation and class actions. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor her counsel have any interest adverse to those of the other members of the Class.

46.     Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive and will have no effective remedy. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

47.     eBay has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class.

48.     The factual and legal bases of eBay's liability to Plaintiff and to the other members of the Class are the same, resulting in injury to Plaintiff and all of the other members of the Class. Plaintiff and the other members of the Class have all suffered harm as a result of eBay's wrongful conduct.

49.     There are many questions of law and fact common to the claims of Plaintiff and the other members of the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include but are not limited to the following: whether eBay's conduct described herein violates the ADA, 42 U.S.C. §§ 12182(b)(1)(A)(i)-(iii) and 12182(b)(2)A)(i)-(iv); whether eBay's conduct described herein violates the DPA, Cal. Civ. Code §§ 54 *et seq.*; and, whether eBay's conduct described herein violates the California Unruh Civil Rights Act, Cal. Civ. Code §§ 51 *et seq.*

# FIRST CAUSE OF ACTION

## Violation of the ADA, 42 U.S.C. §§ 12182(b)(1)(A)(i)-(iii) and (b)(2)(A)(i)-(iv)

### (on behalf of Plaintiff and the Class)

*THIS COUNT HAS BEEN DISMISSED WITH PREJUDICE AND IS INCLUDED*

*ONLY TO PRESERVE A POTENTIAL APPEAL.*

50.     Plaintiff incorporates by reference the foregoing allegations.

51.     Section 12182(a) of the ADA states:

> No individual shall be discriminated against on the basis of
> disability in the full and equal enjoyment of the goods, services,
> facilities, privileges, advantages, or accommodations of any place
> of public accommodation by any person who owns, leases (or
> leases to), or operates a place of public accommodation.

52.     Sections 12181(7)(D) & (E) defines private entities, like eBay, as places of

public accommodation to include a "place of public gathering" and "a bakery, grocery store,

clothing store, hardware store, shopping center, or other sales or rental establishment" when

they affect commerce. Section 12181(7) does not expressly limit places of public

accommodation to brick- and-mortar operations, nor does it expressly preclude Internet-

based operations.

53.     Section 12181(1) defines commerce as "travel, trade, traffic, commerce,

transportation, or communication—among the several States; between any foreign country or

any territory or possession and any State; or between points in the same State but through

another State or foreign country."

54.     eBay describes itself in the following manner:

> With more than 94 million active users globally, eBay is the
> world's largest online marketplace, where practically anyone can
> buy and sell practically anything. Founded in 1995, eBay connects
> a diverse and passionate community of individual buyers and
> sellers, as well as small businesses. Their collective impact on e-
> commerce is staggering: In 2010, the total worth of goods sold on
> eBay was $62 billion -- more than $2,000 *every second*.

---

SECOND AMENDED COMPLAINT

9

11-cv-262-EJD

55.     As a for-profit entity facilitating $62 billion in sales of goods annually in and among the several States and internationally, eBay affects commerce, as defined in 42 U.S.C. § 12181(1).

56.     As "the world's largest online marketplace, where practically anyone can buy and sell practically anything" and by "connect[ing] a diverse and passionate community," eBay is a "place of public gathering," as well as a "shopping center" as defined in 42 U.S.C. §§ 12181(7)(D) & (E).

57.     eBay lists its categories of items for sale at http://shop.ebay.com/allcategories/all-categories. These categories include "Clothing, Shoes & Accessories" and "Tools & Home Improvement," among dozens of others, which correlate to the "clothing store" and "hardware store" definitions in 42 U.S.C. § 12181(7)(E). And with tens of millions of items for sale at any given moment, eBay is the epitome of a "shopping center, or other sales or rental establishment," as defined in § 12181(7)(E).

58.     Accordingly, eBay is a "place of public accommodation," as defined in 42 U.S.C. §§ 12181(7) & 12182(a).

59.     Sections 12182(b)(1)(A)(i)-(iii) state in relevant part that it shall be discriminatory to deny participation to, require participation of an unequal benefit, or provide a separate benefit to an individual or a class of individuals on the basis of a disability or disabilities.

60.     Section 12182(b)(2)(A)(i) states that discrimination includes "the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability from fully and equally enjoying the goods, services, facilities, privileges, advantages, or accommodations unless necessary for the provision" thereof.

61.     eBay violates this section by imposing upon would-be eBay sellers a registration process that screens out deaf and hard of hearing persons.

62.     Section 12182(b)(2)(A)(ii) states that discrimination includes "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications

ER 059

are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities . . . "

63.     eBay violates this section by failing to make reasonable accommodations to its registration process necessary to afford deaf and hard of hearing persons access to eBay's services, facilities, privileges, advantages, and accommodations.

64.     Section 12182(b)(2)(A)(iii) states that discrimination includes "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services . . . "

65.     eBay violates this section by failing to take the necessary steps to ensure that deaf and hard of hearing persons are not excluded, denied services, segregated, or treated differently during the seller registration process.

66.     Section 12182(b)(2)(A)(iv) states that discrimination includes "a failure to remove . . . communication barriers . . . where such removal is readily achievable."

67.     eBay violates this section by failing to remove communication barriers—namely the aural verification system—from the seller registration process despite the availability of readily achievable alternatives.

68.     As alleged herein, eBay facilitates offline shopping as well as the online shopping for which it is so well known. At eBay.com, offline and online shopping are inextricably linked. Thus, eBay prevents Plaintiff on account of her being deaf from selling both online and offline/locally via eBay.com. In other words, eBay's discriminatory conduct limits Plaintiff's access to both online places of public accommodation and places of public accommodation in the physical world.

ER 060

**SECOND CAUSE OF ACTION**

**Violation of the California Disabled Persons Act, Cal. Civ. Code §§ 54, *et seq.***

**(on behalf of Plaintiff and the Class)**

*THIS COUNT HAS BEEN DISMISSED WITH PREJUDICE AND IS INCLUDED*

*ONLY TO PRESERVE A POTENTIAL APPEAL.*

69.     Plaintiff incorporates by reference the foregoing allegations.

70.     The Disabled Persons Act ("DPA") states that "[i]ndividuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including . . . places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons." Cal. Civ. Code § 54.1(a)(1).

71.     Section 54.1(a)(3) states that "'full and equal access,' for purposes of this section in its application to transportation, means access that meets the standards of Titles II and III of the Americans with Disabilities Act of 1990 and federal regulations adopted pursuant thereto, except that, if the laws of this state prescribe higher standards, it shall mean access that meets those higher standards." (Citations omitted.)

72.     The DPA does not otherwise define "full and equal access" for applications other than transportation.

73.     Regardless, "the laws of this state prescribe higher standards" than the ADA because the DPA and the Unruh Act both have been interpreted to apply to websites even absent a nexus to physical locations, while the ADA has been interpreted by some courts to require a nexus between websites and physical locations.

74.     Section 54.1(a)(3) does not state that higher standards than the ADA apply only if prescribed by state laws *other* than the DPA. In other words, the DPA itself may prescribe higher standards that eBay must meet.

75.     The DPA and the Unruh Act are the two exclusive state laws regulating disability access for private entities applicable to this case. Thus, there are no other statutes

ER 061

or regulations on which the DPA may rely in this case.

76.     Both the DPA and the Unruh Act require disability access for websites to which the general public is invited.

77.     The "general public is invited" to sell on eBay.com. As eBay itself states, eBay.com is the place "where practically anyone can buy and sell practically anything." eBay.com thus constitutes a "public place" within the meaning of the DPA. Thus, the DPA and the Unruh Act require that eBay.com be accessible to deaf and hard of hearing persons.

78.     Deafness and hardness of hearing are disabilities as defined in Cal. Govt. Code § 12926.

79.     By denying access to eBay's selling services to deaf and hard of hearing persons, eBay, as a California business, is denying Plaintiff and Class members full and equal access to the accommodations, advantages, and facilities of eBay.com in violation of the DPA.

80.     Additionally, Section 54(c) states that "[a] violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section."

81.     As alleged above, eBay is violating the ADA; thus, it is—for this separate and independent reason from those articulated above—also violating the DPA. For the sake of clarity, Plaintiff alleges both ADA-independent and ADA-dependent violations of the DPA.

82.     Plaintiff and Class members are entitled to injunctive relief to remedy the discrimination.

83.     Section 54.3 explicitly states that "*any* person denied any of the rights provided in Sections 54, 54.1, and 54.2" (emphasis added) may bring suit.

84.     Under § 54.3, Plaintiff and Class members are entitled to actual damages, treble damages, and statutory damages for each offense, plus attorneys' fees.

ER 062

**THIRD CAUSE OF ACTION**

**Violation of the California Unruh Civil Rights Act, Cal. Civ. Code §§ 51, *et seq.***

**(on behalf of Plaintiff and the Class)**

85.     Plaintiff incorporates by reference the foregoing allegations.

86.     Cal. Civ. Code § 51(b) states:

> All persons within the jurisdiction of this state are free and equal,
> and no matter what their sex, race, color, religion, ancestry,
> national origin, disability, medical condition, marital status, or
> sexual orientation are entitled to the full and equal
> accommodations, advantages, facilities, privileges, or services in
> all business establishments of every kind whatsoever.

87.     Cal. Civ. Code § 51.5(a) states:

> No business establishment of any kind whatsoever shall
> discriminate against, boycott or blacklist, or refuse to buy from,
> contract with, sell to, or trade with any person in this state on
> account of any characteristic listed or defined in subdivision (b) or
> (e) of Section 51, or of the person's partners, members,
> stockholders, directors, officers, managers, superintendents,
> agents, employees, business associates, suppliers, or customers,
> because the person is perceived to have one or more of those
> characteristics, or because the person is associated with a person
> who has, or is perceived to have, any of those characteristics.

88.     Cal. Civ. Code § 51.5(b) defines "person" to include "any person, firm,

association, organization, partnership, business trust, corporation, limited liability company,

or company.

89.     Deafness and hardness of hearing are disabilities as defined in Cal. Govt.

Code §§ 12926 and 12926.1.

90.     By denying access to eBay's selling services to deaf and hard of hearing

persons, eBay is denying Plaintiff and Class members full and equal access to the

accommodations, advantages, and facilities, privileges, or services of eBay.com in violation

of § 51.

91.     By discriminating against Plaintiff on account of her disability, eBay is

violating § 51.5.

92.    eBay is a "business establishment" within the meaning of § 51. Selling services on eBay.com are inaccessible to deaf and hard of hearing patrons. This inaccessibility denies deaf and hard of hearing patrons full and equal access to the facilities, goods, and services that eBay makes available to the non-disabled public. eBay is violating the Unruh Act in that eBay is denying deaf and hard of hearing customers the ability to sell on eBay.com. Upon information and belief, these violations are ongoing.

93.    eBay's actions constitute intentional discrimination against the class on the basis of a disability in violation of the Unruh Act in that: eBay claims that the reason it requires Plaintiff to use a telephone to register as an eBay seller is to verify her identity. But eBay's conduct demonstrates that this reason is a mere pretext. eBay has constructed and maintained a website that is inaccessible to Plaintiff, and failed to correct these barriers even after being notified of the discrimination that such barriers cause. Additionally, eBay's in-house and outside legal counsel have verified Plaintiff's identity in person, yet eBay still refuses to allow Plaintiff to register as an eBay seller. The only plausible conclusion is that eBay is intentionally discriminating against Plaintiff on account of her disability.

94.    Alternatively, eBay discriminatorily applies its policies to Plaintiff because of her disability. eBay is applying its policy to Plaintiff in such a manner so as to prevent her from becoming an eBay seller despite having verified her identity in person. By verifying her identity in person, eBay has neutralized the purported threat of fraud that Plaintiff may pose. Still, eBay refuses to allow Plaintiff to register as an eBay seller. Thus, eBay is no longer applying its policies to achieve its stated purpose of preventing fraud, but instead discriminate against Plaintiff.

95.    In order for eBay to make money, it needs sellers. Here, Plaintiff has attempted many times to register as a seller. Yet Plaintiff—even after verifying her identity in person with eBay—is still not a registered eBay seller. This is antithetical to eBay's business model. It is simply irrational from a business and economic perspective to deny Plaintiff the opportunity to sell on eBay. If eBay treated all users this way, then eBay could

not make any money. Thus, it is a plausible inference, at minimum, that eBay's reason for denying Plaintiff the opportunity to sell on eBay is based on a discriminatory intent or discriminatory application of eBay's policies.

96.    eBay's conduct is only rational if its intent is discriminatory. eBay's conduct makes no sense otherwise.

97.    Additionally, § 51(f) states that "[a] violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

98.    As alleged above, eBay is violating the ADA; thus, it is—for this separate and independent reason from those articulated above—also violating § 51. For the sake of clarity, Plaintiff alleges both ADA-independent and ADA-dependent violations of the Unruh Act.

99.    Section 52 explicitly states that "*any* person denied the rights provided in Section 51, 51.5, or 51.6" (emphasis added) may bring suit.

100.    Under § 52(a), Plaintiff and Class members are entitled to actual damages (both special and general damages), treble damages, and statutory damages for each and every offense, plus attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and the Class, prays for the following relief:

A.    A preliminary and permanent injunction prohibiting eBay from violating the ADA;

B.    A preliminary and permanent injunction prohibiting eBay from violating the DPA;

C.    A preliminary and permanent injunction prohibiting eBay from violating the Unruh Civil Rights Act;

D.    A preliminary and permanent injunction requiring eBay to make the seller

ER 065

registration process readily accessible to and usable by deaf and hard of hearing persons;

E.  Declare that eBay created its seller registration process in a manner that discriminates against deaf and hard of hearing persons and fails to provide access for persons disabilities, as required by law;

F.  An order certifying this case as a class action on behalf of the Class defined above; appointing Melissa J. Earll as class representative; and appointing her counsel as class counsel;

G.  Award of the maximum actual damages allowed by law;

H.  Award of the maximum treble damages allowed by law;

I.  Award of the maximum statutory damages allowed by law;

J.  Award Plaintiff and the Class their reasonable litigation expenses and attorneys' fees;

K.  Award Plaintiff and the Class pre- and post-judgment interest, to the extent allowable;

L.  Enter injunctive and/or declaratory relief as necessary to protect the interests of Plaintiff and the Class; and,

M.  Award such other and further relief as equity and justice may require.

## JURY TRIAL

101.  Plaintiff demands a trial by jury for all issues so triable.

Dated: September 6, 2012                   Respectfully submitted,


                                           s/ Michael Aschenbrener
                                           Michael Aschenbrener
                                           ASCHENBRENER LAW, P.C.

SECOND AMENDED COMPLAINT                17                        11-cv-262-EJD

ER 066

**CERTIFICATE OF SERVICE**

The undersigned certifies that, on September 6, 2012, he caused this document to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of filing to counsel of record for each party.

Dated: September 6, 2012                    ASCHENBRENER LAW, P.C.


By: s/ Michael Aschenbrener
Michael Aschenbrener

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| MELISSA J. EARLL, | ) | Case No.: 5:11-CV-00262-EJD |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING DEFENDANT'S** |
| | ) | **MOTION TO DISMISS SECOND** |
| v. | ) | **AMENDED COMPLAINT** |
| | ) | |
| EBAY INC., | ) | |
| | ) | |
| Defendant. | ) | **[Re: Docket No. 80]** |
| | ) | |
| | ) | |
| | ) | |

Presently before the court is Defendant eBay Inc.'s ("Defendant") Motion to Dismiss and Strike Plaintiff Melissa J. Earll's ("Plaintiff") Second Amended Complaint ("SAC") pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f). The court found this matter suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b) and previously vacated the hearing. The court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, and personal jurisdiction and venue are proper because Defendant is a corporation headquartered in Santa Clara County. Having fully reviewed the parties' briefing, the court GRANTS Defendant's Motion to Dismiss. Because the court grants dismissal with prejudice, Defendant's Motion to Strike is moot.

1

Case No.: 5:11-CV-00262-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS SECOND AMENDED
COMPLAINT

ER 068

United States District Court
For the Northern District of California

## I.    BACKGROUND

The background of this case was thoroughly presented in this court's Order granting

Defendant's Motion to Dismiss First Amended Complaint, and is repeated only to the extent it is

applicable to the present motion. See Dkt. No. 76. Plaintiff, a Missouri resident who is deaf, filed

this putative class action on March 16, 2010 in the Western District of Missouri alleging violations

of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq. ("ADA") and the California

Disabled Persons Act, Cal. Civ. Code §§ 54 et seq. ("DPA"). See Dkt. No. 1. Plaintiff based these

claims on assertions that she, as a deaf individual, was unable to register as an eBay seller because

Defendant failed to provide her with an accommodation to its telephonic identity verification

policy.

The case was transferred to this district in January 2011 and assigned to Judge Jeremy

Fogel. See Dkt. Nos. 30, 34. After transfer, Plaintiff moved for leave to file an amended

complaint. Dkt. No. 47. The proposed amended complaint maintained Plaintiff's original claims

and added a claim under the Unruh Civil Rights Act, Cal. Civ. Code §§ 51, et seq. ("Unruh Act").

Judge Fogel denied Plaintiff's motion for leave to amend without prejudice, finding that (1) the

ADA could not afford a remedy to Plaintiff because eBay.com is not a place of public

accommodation, but (2) Plaintiff may be able to state an independent claim under the Unruh Act if

she sufficiently pleaded intentional discrimination, and (3) Plaintiff may be able to state

independent claims under the DPA if she alleged a violation of a California law that requires higher

standards of website accessibility than the ADA. Dkt. No. 61 at 3:18-5:22. Judge Fogel granted

Plaintiff leave to file an amended complaint consistent with his Order. Id.

This case was transferred from Judge Fogel to this court on September 27, 2011. See Dkt.

No. 62. On October 5, 2011, Plaintiff filed her FAC alleging violations of the ADA, the DPA, and

the Unruh Act. Dkt. No. 63. Defendant moved to dismiss Plaintiff's FAC on October 19, 2011.

Dkt. No. 66. This court granted Defendant's motion, dismissing all of Plaintiff's claims. Dkt. No.

76. The ADA and DPA claims were dismissed with prejudice because Plaintiff's complaint

exceeded the scope of Judge Fogel's Order with respect to these claims. In regards to the Unruh

2

Case No.: 5:11-CV-00262-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS SECOND AMENDED
COMPLAINT

1   Act claim, this court found that "[Plaintiff's] allegations describe a facially neutral verification

2   process with a disparate impact on the deaf community, but they do not demonstrate intentional

3   discrimination.  Furthermore, the fact that [Plaintiff] contacted eBay's customer service and

4   unsuccessfully requested to have eBay's otherwise applicable procedures modified is not sufficient

5   to state a plausible claim of intentional discrimination."  Having highlighted the flaws in Plaintiff's

6   Unruh Act claim, this court dismissed it with leave to amend.

7        Plaintiff filed her SAC on September 6, 2012, leaving her ADA and DPA claims "to

8   preserve a potential appeal," and modifying her Unruh Act claim. Dkt. No. 77.  Defendant filed its

9   Motion to Dismiss the SAC on September 20, 2012.  Dkt. No. 80.  The court now turns to this

10  motion.

11  **II.    LEGAL STANDARD**

12       Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim in the

13  complaint with sufficient specificity to "give the defendant fair notice of what the ... claim is and

14  the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)

15  (internal quotations omitted).   A complaint which falls short of the Rule 8(a) standard may be

16  dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

17  Dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim is "proper only

18  where there is no cognizable legal theory or an absence of sufficient facts alleged to support a

19  cognizable legal theory." Shroyer v. New Cingular Wireless Servs., Inc., 606 F.3d 658, 664 (9th

20  Cir. 2010) (quoting Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001)). In considering whether

21  the complaint is sufficient to state a claim, the court must accept as true all of the factual

22  allegations contained in the complaint. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While a

23  complaint need not contain detailed factual allegations, it "must contain sufficient factual matter,

24  accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550

25  U.S. at 570).

26

27

28

*United States District Court*
*For the Northern District of California*

3

Case No.: 5:11-CV-00262-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS SECOND AMENDED
COMPLAINT

## III. DISCUSSION

Because the court previously dismissed Plaintiff's ADA and DPA claims with prejudice, the Unruh Act claim is the only remaining cause of action susceptible to dismissal. The Unruh Act provides that "[a]ll persons within the jurisdiction of this state are free and equal, and no matter what their ... disability ... are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b). To maintain an Unruh Act claim independent of an ADA claim, Plaintiff must allege "intentional discrimination in public accommodations in violation of terms of the Act.'" Munson v. Del Taco, Inc., 46 Cal.4th 661, 668 (2009) (quoting Harris v. Capital Growth Investors XIV, 52 Cal. 3d 1142, 1175 (1991)). To state a claim for intentional discrimination Plaintiff must allege "willful, affirmative misconduct," which constitutes more than a disparate impact of a facially neutral policy on a particular group. Koebke v. Bernardo Heights Country Club, 36 Cal.4th 824, 854 (2005).

In her SAC, Plaintiff removes certain allegations contained in her FAC that this court found offset her intentional discrimination claim. In their place Plaintiff includes new allegations regarding an in-person meeting she had with eBay's counsel after the filing of this lawsuit. Particularly, Plaintiff now alleges that after that meeting, in which surely her identity was verified, Defendant "still refuses to allow Plaintiff to register as an eBay seller." Dkt. No. 77 ¶ 93. The only "plausible conclusion," according to Plaintiff, is that Defendant "is intentionally discriminating against Plaintiff on account of her disability." Id. Alternatively, Plaintiff suggests that Defendant is "no longer applying its policies to achieve its stated purpose of preventing fraud"—because Defendant has now verified Plaintiff's identity in person, nullifying the possibility of fraud—but rather is applying its policies "to discriminate against Plaintiff." Id.

Defendant contends that Plaintiff's SAC fails to state a claim for intentional discrimination under the Unruh Act because Plaintiff's allegations still only describe a facially neutral policy that has a disparate impact on her. Taking the SAC on its face, this court agrees. That Defendant has failed to register Plaintiff as a seller even after meeting her is not, without more, sufficient to

4

Case No.: 5:11-CV-00262-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT

ER 071

constitute the "willful, affirmative misconduct" required to state a claim of intentional

discrimination under the Unruh Act.

In dismissing Plaintiff's Unruh Act claim in her FAC, this court noted that Plaintiff's

complaint lacked facts supporting her potential theories of intentional discrimination. Plaintiff has

failed to remedy this deficiency in her SAC. The absence of supporting factual allegations is fatal

to Plaintiff's claim. Particularly, Plaintiff has not alleged that she affirmatively sought to register

as a seller after this meeting, nor has she included any allegations that Defendant specifically

denied any renewed request she may have made. More importantly, Plaintiff has failed to include

any allegations suggesting that Defendant's refusal or failure to register her as a seller after their

meeting was related to her disability. While Plaintiff alleges that her disability is the "only

plausible explanation," the court simply is not persuaded by this conclusory contention. See

Epstein v. Wash. Energy Co., 83 F.3d 1136, 1140 (9th Cir. 1996) ("[C]onclusory allegations of law

and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a

claim."); accord Iqbal, 555 U.S. at 677–80. In fact, any number of factors could have contributed

to Defendant's failure to register Plaintiff as a seller.

Plaintiff cannot satisfy Rule 8's requirements by simply alleging that (1) she is deaf, (2) she

notified Defendant that its seller verification procedure discriminated against deaf persons, (3)

Defendant had the opportunity to verify her identity, but (4) Defendant nevertheless failed to

register her as a seller. Rather, she must include some allegation firmly connecting her disability to

Defendant's refusal to register her as a seller. In a similar case in this district, Young v. Facebook,

Inc., a plaintiff suffering from bipolar disorder claimed that Facebook had intentionally

discriminated against her by terminating her account and addressing her concerns with automated

responses instead of with real human interaction, which would have been capable of assisting

persons with mental disabilities. Young v. Facebook, Inc., 790 F.Supp.2d 1110, 1116 (N.D. Cal.

2011). The court in that case dismissed the plaintiff's Unruh Act claim, explaining that despite her

vivid description of the difficulty she encountered with Facebook's customer service system as a

result of her disability, she had not alleged that Facebook had treated her differently because of her

5

Case No.: 5:11-CV-00262-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS SECOND AMENDED
COMPLAINT

United States District Court
For the Northern District of California

1  disability.  Likewise here, without an allegation tying Defendant's failure to register Plaintiff as a

2  seller to her hearing impairment, Plaintiff has failed to allege that eBay intentionally treated her

3  differently because of her disability and her claim thus must be dismissed.

4        Plaintiff has now attempted to plead this claim three times and has received guidance from

5  both Judge Fogel and this court as to the deficiencies in her claim as pleaded.  Because Plaintiff has

6  still failed to allege the necessary intentional discrimination the court finds any further attempts to

7  amend would be futile. See Duma v. Kipp, 90 F.3d 386, 393 (9th Cir. 1996) (affirming district

8  court's dismissal without leave to amend because Plaintiff had filed four complaints "and yet

9  continued to allege insufficient facts").  Therefore, Plaintiff's Unruh Act claim will be dismissed

10  with prejudice.

11      **IV.**    **CONCLUSION**

12        For the foregoing reasons, the Court GRANTS Defendant's Motion to Dismiss Second

13  Amended Complaint with prejudice.  Because the remaining causes of action in Plaintiff's

14  complaint have already been dismissed with prejudice, the complaint is dismissed in its entirety.

15  Defendant's Motion to Strike is therefore moot.  Judgment will be entered in favor of Defendant.

16  The clerk of the court shall close this file.

17  **IT IS SO ORDERED**

18  Dated: December 20, 2012

19

20  EDWARD J. DAVILA
    United States District Judge

21

22

23

24

25

26

27

28

6

Case No.: 5:11-CV-00262-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS SECOND AMENDED
COMPLAINT

United States District Court
For the Northern District of California

1
2
3
4
5
6
7                    IN THE UNITED STATES DISTRICT COURT

8              FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                          SAN JOSE DIVISION

10   MELISSA J. EARLL,                    CASE NO. 5:11-CV-00262-EJD

11                                        **JUDGMENT**
                 Plaintiff,
12        v.

13   EBAY INC.,

14
                 Defendant.
15   _____/

16        Defendant's Motion to Dismiss having been granted (see Docket Item No. 86), and

17   Plaintiff's causes of action having been dismissed without leave to amend, IT IS HEREBY

18   ORDERED, ADJUDGED AND DECREED that Judgment is entered in favor of Defendant.

19        The clerk shall close this file.

20   **IT IS SO ORDERED.**

21

22   Dated:  December 20, 2012

23                                        EDWARD J. DAVILA
                                          United States District Judge
24
25
26
27
28
                                        1
     CASE NO. 5:11-CV-00262-EJD
     JUDGMENT

CLEAR FORM

Name  Michael Aschenbrener

Address  795 Folsom St, First Floor

City, State, Zip  San Francisco, CA 94107

Phone  415-813-6245

Fax  415-813-6246

E-Mail  mja@aschenbrenerlaw.com

☐ FPD    ☐ Appointed    ☐ CJA    ☐ Pro Per    ☒ Retained

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

Melissa J. Earll, individually and on behalf of all others similarly situated,

PLAINTIFF(S),

v.

eBay Inc., a Delaware Corporation,

DEFENDANT(S).

CASE NUMBER:

5:11-cv-262-EJD

**NOTICE OF APPEAL**

NOTICE IS HEREBY GIVEN that _____ Plaintiff Melissa J. Earll _____ hereby appeals to

*Name of Appellant*

the United States Court of Appeals for the Ninth Circuit from:

### Criminal Matter

☐ Conviction only [F.R.Cr.P. 32(j)(1)(A)]
☐ Conviction and Sentence
☐ Sentence Only (18 U.S.C. 3742)
☐ Pursuant to F.R.Cr.P. 32(j)(2)
☐ Interlocutory Appeals
☐ Sentence imposed:

☐ Bail status:

### Civil Matter

☒ Order (specify):
Denying Motion for Leave to File Amended Complaint;
Granting Motion to Dismiss First Amended Complaint; and,
Granting Motion to Dismiss Second Amended Complaint

☒ Judgment (specify):
Judgment in favor of Defendant

☐ Other (specify):

Imposed or Filed on  9/7/11, 8/8/12, 12/20/12 . Entered on the docket in this action on  Dkt. Nos. 61, 76, 86, & 87 .

A copy of said judgment or order is attached hereto.

January 18, 2013

Date

s/ Michael Aschenbrener

Signature
☐ Appellant/ProSe    ☒ Counsel for Appellant    ☐ Deputy Clerk

**Note:**  The Notice of Appeal shall contain the names of all parties to the judgment or order and the names and addresses of the attorneys for each party. Also, if not electronically filed in a criminal case, the Clerk shall be furnished a sufficient number of copies of the Notice of Appeal to permit prompt compliance with the service requirements of FRAP 3(d).

A-2 (01/07)                              NOTICE OF APPEAL

ER 075

ADRMOP,APPEAL,CLOSED,E-Filing

**U.S. District Court**
**California Northern District (San Jose)**
**CIVIL DOCKET FOR CASE #: 5:11-cv-00262-EJD**

Earll v. eBay, Inc., a Delaware Corporation
Assigned to: Hon. Edward J. Davila
Referred to: Magistrate Judge Howard R. Lloyd
Case in other court:  Ninth Circuit Court Appeals, 13-15134
               Missouri Western, 3:10-cv-03089
Cause: 28:1331 Federal Question: Other Civil Rights

Date Filed: 01/19/2011
Date Terminated: 12/20/2012
Jury Demand: Plaintiff
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Diversity

**Plaintiff**

**Melissa J Earll**      represented by   **Christopher L. Dore**
Edelson LLC
350 N La Salle Dr .
Suite 1300
Chicago, IL 60654-7582
(312)572-7218
Email: cdore@edelson.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jay Edelson**
Edelson McGuire, LLC
350 North LaSalle Street, Suite 1300
Chicago, IL 60654
312-589-6370
Email: jedelson@edelson.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael James Aschenbrener**
Aschenbrener Law PC
795 Folsom Street
First Floor
San Francisco, CA 94107
415-813-6245
Fax: 415-813-6246
Email: mja@aschenbrenerlaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sean Patrick Reis**
Edelson LLC
30021 Tomas Street, Suite 300
Rancho Santa Margarita, CA 92688
949-459-2124
Fax: 949-459-2123
Email: sreis@edelson.com
*ATTORNEY TO BE NOTICED*

**Michael James Aschenbrener**
Aschenbrener Law P.C.
795 Folsom Street
First Floor
San Francisco, CA 94107
415-813-6245
Fax: 415-813-6246
Email: mja@aschenbrenerlaw.com
*ATTORNEY TO BE NOTICED*

Williams G. Crowe
Law Offices of Bill Crowe, MBA, JD, LC
3259 East Sunshine
Suite I
Springfield, MO 65804–2143
(417) 883–8000
Fax: 417–888–0022
Email: wcrowe1415@sbcglobal.net
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**eBay, Inc.**                                    represented by   **David M. Eisenberg**
*a Delaware Corporation*                                          Baker, Sterchi, Cowden &Rice, LLC
                                                                  2400 Pershing Road
                                                                  Suite 500
                                                                  Kansas City, MO 64108–2504
                                                                  (816) 448–9343
                                                                  Fax: (816) 472–0288
                                                                  Email: eisenberg@bscr–law.com
                                                                  *LEAD ATTORNEY*
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **John Anthony Polito**
                                                                  Bingham McCutchen LLP
                                                                  3 Embarcadero Center
                                                                  Promenade Level
                                                                  San Francisco, CA 94111
                                                                  415–393–2314
                                                                  Fax: 415–393–2286
                                                                  Email: john.polito@bingham.com
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **Margaret Anne DeGooyer**
                                                                  Bingham McCutchen, LLP
                                                                  Three Embarcadero Center
                                                                  San Francisco, CA 94111
                                                                  415–393–2000
                                                                  Fax: 415–393–2286
                                                                  Email: margaret.degooyer@bingham.com
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **Mary T. Huser**
                                                                  Bingham McCutchen LLP
                                                                  1117 S. California Avenue
                                                                  Palo Alto, CA 94304–1106
                                                                  650–849–4400
                                                                  Fax: 650–849–4800
                                                                  Email: mary.huser@bingham.com
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **Wendy M. Lazerson**
                                                                  Sidley Austin LLP
                                                                  1001 Page Mill Road, Building 1
                                                                  Palo Alto, CA 94304
                                                                  650.565.7065
                                                                  Fax: 650.565.7100
                                                                  Email: wlazerson@sidley.com
                                                                  *ATTORNEY TO BE NOTICED*

ER 077

| Date Filed | # | Docket Text |
|---|---|---|
| 03/16/2010 | 1 | COMPLAINT against eBay, Inc., a Delaware Corporation filed by Williams G. Crowe on behalf of Melissa J Earll. Filing fee $350, receipt number 0866–2314679. Service due by 7/19/2010. (Attachments: # 1 Civil Cover Sheet)(Crowe, Williams) (Entered: 03/16/2010) |
| 03/16/2010 | | SUMMONS ISSUED as to eBay, Inc., a Delaware Corporation. Summons returned via electronic e–mail to counsel for Plaintiff for service. (Burch, C. Steve) (Entered: 03/16/2010) |
| 03/16/2010 | 2 | LETTER OF REASSIGNMENT from Magistrate Judge James C. England to District Judge Richard E. Dorr. (Burch, C. Steve) (Entered: 03/16/2010) |
| 03/16/2010 | 3 | Notice of EAP assignment to an outside mediator. (Attachments: # 1 EAP General Order)(Burch, C. Steve) (Entered: 03/16/2010) |
| 03/17/2010 | 4 | Motion to allow Jay Edelson to appear pro hac vice (Pro Hac fee $50 receipt number 0866–2316065) filed by Williams G. Crowe on behalf of Melissa J Earll. (Crowe, Williams) (Entered: 03/17/2010) |
| 03/17/2010 | 5 | Motion to allow Michael Aschenbrener to appear pro hac vice (Pro Hac fee $50 receipt number 0866–2316065) filed by Williams G. Crowe on behalf of Melissa J Earll. (Crowe, Williams) (Entered: 03/17/2010) |
| 03/17/2010 | 6 | Motion to allow Christopher Dore to appear pro hac vice (Pro Hac fee $50 receipt number 0866–2316065) filed by Williams G. Crowe on behalf of Melissa J Earll. (Crowe, Williams) (Entered: 03/17/2010) |
| 03/18/2010 | 7 | ORDER granting 4 5 6 motions to appear pro hac vice approved by Clerk of Court. Attorneys Jay Edelson, Michael J Aschenbrener, Christopher L Dore for Melissa J Earll allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorneys. Signed on 3/18/2009. This is a TEXT ONLY ENTRY. No document is attached.(Brogan, Shannon) (Entered: 03/18/2010) |
| 03/18/2010 | 8 | ADMINISTRATIVE ORDER TRANSFERRING/REASSIGNING CASE to the Southwestern Division. Signed on 3/18/2010 by Shannon Y. Brogan. (Brogan, Shannon) (Entered: 03/18/2010) |
| 07/19/2010 | 9 | MOTION for extension of time to file answer *Stipulation Extending Time to Respond to Complaint* filed by David M. Eisenberg on behalf of eBay, Inc.. Suggestions in opposition/response due by 8/5/2010 unless otherwise directed by the court. (Eisenberg, David) (Entered: 07/19/2010) |
| 07/22/2010 | 10 | ORDER granting 9 Motion for Extension of Time to Answer. eBay, Inc. answer due 8/20/2010. Signed on 7/22/10 by District Judge Richard E. Dorr. (Siegert, Karen) (Entered: 07/22/2010) |
| 08/11/2010 | 11 | Motion to allow Wendy Lazerson to appear pro hac vice (Pro Hac fee $50 receipt number 0866–2445918) filed by David M. Eisenberg on behalf of eBay, Inc.. (Eisenberg, David) (Entered: 08/11/2010) |
| 08/12/2010 | 12 | ORDER granting 11 motion to appear pro hac vice approved by Clerk of Court. Attorney Wendy M. Lazerson for eBay, Inc. allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney. This is a TEXT ONLY ENTRY. No document is attached.(Burch, C. Steve) (Entered: 08/12/2010) |
| 08/20/2010 | 13 | DISCLOSURE OF CORPORATE INTERESTS filed by David M. Eisenberg on behalf of Defendant eBay, Inc..(Eisenberg, David) (Entered: 08/20/2010) |
| 08/20/2010 | 14 | MOTION to dismiss case *or alternatively to transfer venue* filed by David M. Eisenberg on behalf of eBay, Inc.. Suggestions in opposition/response due by 9/7/2010 unless otherwise directed by the court. (Eisenberg, David) (Entered: 08/20/2010) |
| 08/20/2010 | 15 | SUGGESTIONS in support re 14 MOTION to dismiss case *or alternatively to transfer venue* filed by David M. Eisenberg on behalf of Defendant eBay, Inc.. (Attachments: # 1 Affidavit Ambruster Declaration, # 2 Exhibit A (Armbruster |

| | | Dec), #3 Exhibit B (Armbruster Dec), #4 Affidavit Lazerson Declaration, #5 Exhibit A (Lazerson Dec), #6 Exhibit B (Lazerson Dec), #7 Appendix Proposed Order)(Related document(s) 14 ) (Eisenberg, David) (Entered: 08/20/2010) |
|---|---|---|
| 08/20/2010 | 16 | MOTION to dismiss case *pursuant to Rule 12(b)(6)* filed by David M. Eisenberg on behalf of eBay, Inc.. Suggestions in opposition/response due by 9/7/2010 unless otherwise directed by the court. (Eisenberg, David) (Entered: 08/20/2010) |
| 08/20/2010 | 17 | SUGGESTIONS in support re 16 MOTION to dismiss case *pursuant to Rule 12(b)(6)* filed by David M. Eisenberg on behalf of Defendant eBay, Inc.. (Attachments: #1 Appendix Proposed Order)(Related document(s) 16 ) (Eisenberg, David) (Entered: 08/20/2010) |
| 09/03/2010 | 18 | DESIGNATION OF NEUTRAL naming Eric Green of Resolutions, LLC(Aschenbrener, Michael) (Entered: 09/03/2010) |
| 09/07/2010 | 19 | SUGGESTIONS in opposition re 16 MOTION to dismiss case *pursuant to Rule 12(b)(6)* filed by Michael J Aschenbrener on behalf of Plaintiff Melissa J Earll. Reply suggestions due by 9/24/2010 unless otherwise directed by the court (Attachments: #1 Proposed Order)(Related document(s) 16 ) (Aschenbrener, Michael) (Entered: 09/07/2010) |
| 09/07/2010 | 20 | SUGGESTIONS in opposition re 14 MOTION to dismiss case *or alternatively to transfer venue* filed by Michael J Aschenbrener on behalf of Plaintiff Melissa J Earll. Reply suggestions due by 9/24/2010 unless otherwise directed by the court (Attachments: #1 Proposed Order, #2 Exhibit Ex. 1 – Declaration, #3 Exhibit Ex. 1–A, #4 Exhibit Ex. 1–B)(Related document(s) 14 ) (Aschenbrener, Michael) (Entered: 09/07/2010) |
| 09/20/2010 | 21 | NOTICE OF PRETRIAL PROCEDURES, proposed scheduling order ddl 10/28/2010; Rule 26(f) conference ddl 10/08/2010. (Schroeppel, Kerry) (Entered: 09/20/2010) |
| 09/24/2010 | 22 | REPLY SUGGESTIONS to motion re 14 MOTION to dismiss case *or alternatively to transfer venue* filed by David M. Eisenberg on behalf of Defendant eBay, Inc.. (Attachments: #1 Appendix Declaration of Ryan D. Marsh)(Related document(s) 14 ) (Eisenberg, David) (Entered: 09/24/2010) |
| 09/24/2010 | 23 | REPLY SUGGESTIONS to motion re 16 MOTION to dismiss case *pursuant to Rule 12(b)(6)* filed by David M. Eisenberg on behalf of Defendant eBay, Inc.. (Related document(s) 16 ) (Eisenberg, David) (Entered: 09/24/2010) |
| 10/05/2010 | 24 | DISCLOSURE OF CORPORATE INTERESTS *Defendant eBay Inc.'s Certificate Of Interest (Local Rule 3.1)* filed by David M. Eisenberg on behalf of Defendant eBay, Inc..(Eisenberg, David) (Entered: 10/05/2010) |
| 10/22/2010 | 25 | CERTIFICATE OF SERVICE OF INITIAL RULE 26 DISCLOSURES filed by David M. Eisenberg on behalf of Defendant eBay, Inc..(Eisenberg, David) (Entered: 10/22/2010) |
| 10/25/2010 | 26 | Amended CERTIFICATE OF SERVICE OF INITIAL RULE 26 DISCLOSURES filed by David M. Eisenberg on behalf of Defendant eBay, Inc..(Eisenberg, David) (Entered: 10/25/2010) |
| 10/28/2010 | 27 | PROPOSED SCHEDULING ORDER *(Joint)* by Melissa J Earll. (Aschenbrener, Michael) (Entered: 10/28/2010) |
| 01/04/2011 | 28 | ORDER granting 14 *Motion to Dismiss or to Transfer Venue*; case transferred to United States District Court for the Northern District of California; denying as moot 16 *Motion to Dismiss Case*. (Schroeppel, Kerry) (Entered: 01/04/2011) |
| 01/05/2011 | 29 | LETTER from Clerk's Office to counsel. (Siegert, Karen) (Entered: 01/05/2011) |
| 01/19/2011 | 30 | CASE TRANSFERRED in from United States District Court for the Western District of Missouri, Southwestern Division; Case Number 3:10–cv–03089–RED. Original File Certified Copy of Transfer Order &Docket Sheet Received. (Entered: 01/21/2011) |

| 01/19/2011 | 31 | ADR SCHEDULING ORDER: Joint Case Management Statement due 4/26/2011 &InitialCase Management Conference set for 5/3/2011 at 10:00 AM.. (tn, COURT STAFF) (Filed on 1/19/2011) (Entered: 01/21/2011) |
|---|---|---|
| 01/19/2011 | | CASE DESIGNATED for Electronic Filing. (tn, COURT STAFF) (Entered: 01/21/2011) |
| 01/25/2011 | 32 | Declination to Proceed Before a U.S. Magistrate Judge by eBay, Inc. *Declination to Proceed before a Magistrate Judge and Request for Reassignment to a United States District Judge*. (Lazerson, Wendy) (Filed on 1/25/2011) (Entered: 01/25/2011) |
| 01/25/2011 | 33 | CLERK'S NOTICE of Impending Reassignment to U.S. District Judge. (lmh, COURT STAFF) (Filed on 1/25/2011) (Entered: 01/25/2011) |
| 01/26/2011 | 34 | ORDER REASSIGNING CASE. Case reassigned to Judge Hon. Jeremy Fogel for all further proceedings. Magistrate Judge Elizabeth D. Laporte no longer assigned to the case. Signed by Executive Committee on 1/26/11. (mab, COURT STAFF) (Filed on 1/26/2011) (Entered: 01/26/2011) |
| 01/28/2011 | 35 | NOTICE of Appearance by Sean Patrick Reis for Melissa J Earll (gm, COURT STAFF) (Filed on 1/28/2011) (Entered: 01/31/2011) |
| 01/31/2011 | 36 | NOTICE of Appearance by Wendy M. Lazerson *Notice of Appearance of Mary T. Huser* (Lazerson, Wendy) (Filed on 1/31/2011) (Entered: 01/31/2011) |
| 01/31/2011 | 37 | NOTICE of Appearance by Wendy M. Lazerson *Notice of Appearance of Margaret A. DeGooyer* (Lazerson, Wendy) (Filed on 1/31/2011) (Entered: 01/31/2011) |
| 02/01/2011 | | Case Assigned to Magistrate Judge Howard R. Lloyd for all discovery matters. (tsh, COURT STAFF) (Filed on 2/1/2011) (Entered: 02/01/2011) |
| 02/10/2011 | 38 | MOTION for Attorney Christopher L. Dore for leave to appear in Pro Hac Vice ( Filing fee $ 275.00, receipt number 34611056168.) filed by Melissa J Earll. (gm, COURT STAFF) (Filed on 2/10/2011) (Entered: 02/14/2011) |
| 02/10/2011 | 39 | Proposed Order re 38 MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 275.00, receipt number 34611056168.) by Melissa J Earll. (gm, COURT STAFF) (Filed on 2/10/2011) (Entered: 02/14/2011) |
| 02/10/2011 | 40 | MOTION for Attorney Michael Aschenbreneer for leave to appear in Pro Hac Vice ( Filing fee $ 275.00, receipt number 34611056169.) filed by Melissa J Earll. (gm, COURT STAFF) (Filed on 2/10/2011) (Entered: 02/14/2011) |
| 02/10/2011 | 41 | Proposed Order re 40 MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 275.00, receipt number 34611056169.) by Melissa J Earll. (gm, COURT STAFF) (Filed on 2/10/2011) (Entered: 02/14/2011) |
| 02/15/2011 | 42 | CLERKS NOTICE Case Management Conference set for 5/13/2011 09:00 AM, to be heard with the motion, in Courtroom 3, 5th Floor, San Jose. (dlm, COURT STAFF) (Filed on 2/15/2011) (Entered: 02/15/2011) |
| 02/28/2011 | 43 | ORDER by Judge Jeremy Fogel granting 38 Motion for Pro Hac Vice for Christopher L. Dore (dlm, COURT STAFF) (Filed on 2/28/2011) (Entered: 02/28/2011) |
| 02/28/2011 | 44 | ORDER by Judge Jeremy Fogel granting 40 Motion for Pro Hac Vice for Michael Aschenbrener (dlm, COURT STAFF) (Filed on 2/28/2011) (Entered: 02/28/2011) |
| 04/08/2011 | 45 | MOTION to Dismiss *Pursuant to Fed. R. Civ. P. 12(b)(6)* filed by eBay, Inc.. Motion Hearing set for 5/13/2011 09:00 AM in Courtroom 3, 5th Floor, San Jose before Hon. Jeremy Fogel. (Attachments: # 1 Proposed Order)(Huser, Mary) (Filed on 4/8/2011) (Entered: 04/08/2011) |
| 04/08/2011 | 46 | Certificate of Interested Entities by eBay, Inc. (Polito, John) (Filed on 4/8/2011) (Entered: 04/08/2011) |
| 04/13/2011 | 47 | MOTION for Leave to File *FIRST AMENDED COMPLAINT* filed by Melissa J Earll. Motion Hearing set for 7/22/2011 09:00 AM in Courtroom 3, 5th Floor, San |

| | | |
|---|---|---|
| | | Jose before Hon. Jeremy Fogel. (Attachments: # 1 Affidavit Ex. A – Declaration in Support, # 2 Exhibit Ex. B – First Amended Complaint, # 3 Proposed Order Ex. C – [Proposed] Order)(Aschenbrener, Michael) (Filed on 4/13/2011) (Entered: 04/13/2011) |
| 04/22/2011 | 48 | ADR Certification (ADR L.R. 3–5 b) of discussion of ADR options (Polito, John) (Filed on 4/22/2011) (Entered: 04/22/2011) |
| 04/22/2011 | 49 | STIPULATION and Proposed Order selecting Private ADR by Melissa J Earll, eBay, Inc. *re mediation that occurred prior to transfer (Dkt. 18)* (Polito, John) (Filed on 4/22/2011) (Entered: 04/22/2011) |
| 04/22/2011 | 50 | CLERKS NOTICE The Motion Hearing set for 5/13/2011 is VACATED. The Case Management Conference set for 5/13/2011 is CONTINUED to 7/22/2011 at 9:00 AM in Courtroom 3, 5th Floor, San Jose. (jflc2, COURT STAFF) (Filed on 4/22/2011) (Entered: 04/22/2011) |
| 07/01/2011 | 51 | RESPONSE (re 47 MOTION for Leave to File *FIRST AMENDED COMPLAINT* ) *Opposition to Plaintiff's Motion for Leave to File First Amended Complaint* filed byeBay, Inc.. (Attachments: # 1 Proposed Order)(Polito, John) (Filed on 7/1/2011) (Entered: 07/01/2011) |
| 07/01/2011 | 52 | Declaration of John A. Polito in Support of 51 Opposition/Response to Motion, filed byeBay, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Related document(s) 51 ) (Polito, John) (Filed on 7/1/2011) (Entered: 07/01/2011) |
| 07/01/2011 | 53 | Request for Judicial Notice re 52 Declaration in Support *Request for Judicial Notice of Ex. B to Polito Decl.* filed byeBay, Inc.. (Related document(s) 52 ) (Polito, John) (Filed on 7/1/2011) (Entered: 07/01/2011) |
| 07/08/2011 | 54 | REPLY (re 47 MOTION for Leave to File *FIRST AMENDED COMPLAINT* ) *, in support of* filed byMelissa J Earll. (Aschenbrener, Michael) (Filed on 7/8/2011) (Entered: 07/08/2011) |
| 07/13/2011 | 55 | CLERKS NOTICE The Motion Hearing and Case Management Conference set for 7/22/2011 are RESET for 8/5/2011 at 9:00 AM in Courtroom 3, 5th Floor, San Jose before Hon. Jeremy Fogel. (jflc2, COURT STAFF) (Filed on 7/13/2011) (Entered: 07/13/2011) |
| 07/29/2011 | 56 | CASE MANAGEMENT STATEMENT filed by Melissa J Earll, eBay, Inc.. (Polito, John) (Filed on 7/29/2011) (Entered: 07/29/2011) |
| 07/29/2011 | 57 | ADR Certification (ADR L.R. 3–5 b) of discussion of ADR options –– *PLAINTIFF* (Aschenbrener, Michael) (Filed on 7/29/2011) (Entered: 07/29/2011) |
| 07/29/2011 | 58 | NOTICE of Change of Address by Michael James Aschenbrener –– *Plaintiff's Counsel* (Aschenbrener, Michael) (Filed on 7/29/2011) (Entered: 07/29/2011) |
| 07/29/2011 | 59 | Certificate of Interested Entities by Melissa J Earll (Aschenbrener, Michael) (Filed on 7/29/2011) (Entered: 07/29/2011) |
| 08/05/2011 | 60 | Minute Entry: Motion Hearing held on 8/5/2011 before Judge Jeremy Fogel (Date Filed: 8/5/2011) re 47 MOTION for Leave to File FIRST AMENDED COMPLAINT. The motion is taken under submission. (Court Reporter Lee–Anne Shortridge.) (dlm, COURT STAFF) (Date Filed: 8/5/2011) (Entered: 08/17/2011) |
| 09/07/2011 | 61 | ORDER DENYING WITHOUT PREJUDICE 47 MOTION FOR LEAVE TO FILE AMENDED COMPLAINT. Earll shall file an amended complaint consistent with this order not later than thirty (30) days from the date of this order. The pending motion to dismiss is hereby terminated as moot. (and terminating as moot 45 Motion to Dismiss). Signed by Judge Jeremy Fogel on 9/6/2011. (jflc2, COURT STAFF) (Filed on 9/7/2011) Modified on 9/29/2011 (cv, COURT STAFF). (Entered: 09/07/2011) |
| 09/27/2011 | 62 | ORDER REASSIGNING CASE. Case reassigned to Judge Edward J. Davila for all further proceedings. Judge Jeremy Fogel no longer assigned to the case.Signed by The Executive Committee on 09/27/2011. (tsh, COURT STAFF) (Filed on 9/27/2011) (Entered: 09/27/2011) |

| 10/05/2011 | 63 | FIRST AMENDED COMPLAINT against eBay, Inc.. Filed by Melissa J Earll. (Aschenbrener, Michael) (Filed on 10/5/2011) Modified on 10/5/2011 (cv, COURT STAFF). (Entered: 10/05/2011) |
|---|---|---|
| 10/06/2011 | 64 | NOTICE of Change of Address by John Anthony Polito *NOTICE OF CHANGE OF FIRM ADDRESS (Bingham McCutchen)* (Polito, John) (Filed on 10/6/2011) (Entered: 10/06/2011) |
| 10/07/2011 | 65 | CLERKS NOTICE SETTING CASE MANAGEMENT CONFERENCE. Joint Case Management Statement due by 3/2/2012. Case Management Conference set for 3/9/2012 10:00 AM in Courtroom 1, 5th Floor, San Jose. (ecg, COURT STAFF) (Filed on 10/7/2011) (Entered: 10/07/2011) |
| 10/19/2011 | 66 | MOTION to Dismiss *First Amended Complaint* filed by eBay, Inc.. Motion Hearing set for 2/10/2012 09:00 AM in Courtroom 1, 5th Floor, San Jose before Hon. Edward J. Davila. Responses due by 11/2/2011. Replies due by 11/9/2011. (Attachments: # 1 Proposed Order)(Huser, Mary) (Filed on 10/19/2011) (Entered: 10/19/2011) |
| 10/19/2011 | 67 | Declaration of John A. Polito in Support of 66 MOTION to Dismiss *First Amended Complaint* filed by eBay, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Related document(s) 66 ) (Polito, John) (Filed on 10/19/2011) (Entered: 10/19/2011) |
| 11/02/2011 | 68 | OPPOSITION (re 66 MOTION to Dismiss *First Amended Complaint* ) filed by Melissa J Earll. (Aschenbrener, Michael) (Filed on 11/2/2011) Modified on 2/27/2012 (cv, COURT STAFF). (Entered: 11/02/2011) |
| 11/09/2011 | 69 | REPLY (re 66 MOTION to Dismiss *First Amended Complaint* ) filed by eBay, Inc.. (Huser, Mary) (Filed on 11/9/2011) (Entered: 11/09/2011) |
| 02/07/2012 | 70 | CLERKS NOTICE TAKING MOTION UNDER SUBMISSION WITHOUT ORAL ARGUMENT. The Motion to Dismiss (Docket Item No. 66 ) before Judge Edward J. Davila previously noticed for 2/10/2012 at 9:00 AM has been taken under submission without oral argument pursuant to Civ. L.R. 7–1(b). The 2/10/2012 hearing is VACATED. The Court to issue further Order on the submitted motion(s). **This is a text only docket entry, there is no document associated with this notice.** (ecg, COURT STAFF) (Filed on 2/7/2012) (Entered: 02/07/2012) |
| 02/27/2012 | 71 | STIPULATION WITH PROPOSED ORDER *to Reschedule CMC* filed by Melissa J Earll, eBay, Inc.. (Polito, John) (Filed on 2/27/2012) (Entered: 02/27/2012) |
| 02/29/2012 | 72 | ORDER VACATING CASE MANAGEMENT CONFERENCE re 71 STIPULATION. The 3/9/2012 Case Management Conference and associated deadlines are VACATED. The court will address scheduling issues further in the order on Defendant's Motion to Dismiss. Signed by Judge Edward J. Davila on 2/29/2012. (ecg, COURT STAFF) (Filed on 2/29/2012) (Entered: 02/29/2012) |
| 07/02/2012 | 73 | MOTION for Leave to File *Statement of Recent Decision* filed by Melissa J Earll. (Attachments: # 1 Declaration, # 2 Exhibit Statement of Rececnt Decision, # 3 Exhibit Recent Decision, # 4 Proposed Order)(Aschenbrener, Michael) (Filed on 7/2/2012) (Entered: 07/02/2012) |
| 07/03/2012 | 74 | Statement of Non–Opposition re 73 MOTION for Leave to File *Statement of Recent Decision* filed by eBay, Inc.. (Related document(s) 73 ) (Huser, Mary) (Filed on 7/3/2012) (Entered: 07/03/2012) |
| 07/27/2012 | 75 | ORDER granting 73 Motion for Leave to File Statement of Recent Decision. Signed by Judge Edward J. Davila on 7/27/2012. (ejdlc1, COURT STAFF) (Filed on 7/27/2012) (Entered: 07/27/2012) |
| 08/08/2012 | 76 | Order Granting 66 Motion to Dismiss. Based on the foregoing, eBay's Motion to Dismiss the FAC is GRANTED WITHOUT LEAVE TO AMEND as to Earll's ADA and DPA claims. eBay's Motion to Dismiss is GRANTED WITH LEAVE TO AMEND as to Earll's Unruh Act claim. Any amended complaint must be filed no later than 30 days from the filing of this order. Signed by Hon. Edward J. Davila on 8/8/2012 (ejdlc2, COURT STAFF) (Filed on 8/8/2012) Modified text on |

| | | |
|---|---|---|
| | | 8/9/2012 (ecgS, COURT STAFF). (Entered: 08/08/2012) |
| 09/06/2012 | 77 | AMENDED COMPLAINT *(SECOND)* against eBay, Inc.. Filed byMelissa J Earll. (Aschenbrener, Michael) (Filed on 9/6/2012) (Entered: 09/06/2012) |
| 09/06/2012 | 78 | MOTION for Leave to File *Motion for Reconsideration of the Court's September 6, 2011 Order (Dkt. 61)* filed by Melissa J Earll. (Attachments: # 1 Proposed Order)(Aschenbrener, Michael) (Filed on 9/6/2012) (Entered: 09/06/2012) |
| 09/20/2012 | 79 | ORDER denying 78 Motion for Leave to File Motion for Reconsideration by Judge Edward J. Davila (ejdlc4, COURT STAFF) (Filed on 9/20/2012) (Entered: 09/20/2012) |
| 09/20/2012 | 80 | MOTION to Dismiss *eBay's Motion to Dismiss and Strike Plaintiff's Second Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) and 12(f)* filed by eBay, Inc.. Motion Hearing set for 12/14/2012 09:00 AM in Courtroom 4, 5th Floor, San Jose before Hon. Edward J. Davila. Responses due by 10/4/2012. Replies due by 10/11/2012. (Attachments: # 1 Proposed Order)(Huser, Mary) (Filed on 9/20/2012) (Entered: 09/20/2012) |
| 09/20/2012 | 81 | Declaration of John A. Polito in Support of 80 MOTION to Dismiss *eBay's Motion to Dismiss and Strike Plaintiff's Second Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) and 12(f)* filed byeBay, Inc.. (Attachments: # 1 Exhibit A)(Related document(s) 80 ) (Polito, John) (Filed on 9/20/2012) (Entered: 09/20/2012) |
| 10/04/2012 | 82 | RESPONSE (re 80 MOTION to Dismiss *eBay's Motion to Dismiss and Strike Plaintiff's Second Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) and 12(f)* ) filed byMelissa J Earll. (Aschenbrener, Michael) (Filed on 10/4/2012) (Entered: 10/04/2012) |
| 10/11/2012 | 83 | REPLY (re 80 MOTION to Dismiss *eBay's Motion to Dismiss and Strike Plaintiff's Second Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) and 12(f)* ) filed byeBay, Inc.. (Huser, Mary) (Filed on 10/11/2012) (Entered: 10/11/2012) |
| 12/10/2012 | 84 | NOTICE of Appearance eBay, Inc. *Appearance by Ryan D. Marsh* (Polito, John) (Filed on 12/10/2012) (Entered: 12/10/2012) |
| 12/11/2012 | 85 | CLERKS NOTICE TAKING MOTION UNDER SUBMISSION WITHOUT ORAL ARGUMENT. The Motion to Dismiss (Docket Item No. 80 ) before Judge Edward J. Davila previously noticed for 12/14/2012 at 9:00 AM has been taken under submission without oral argument pursuant to Civ. L.R. 7–1(b). The 12/14/2012 hearing is VACATED. The Court to issue further Order on the submitted motion. **This is a text only docket entry, there is no document associated with this notice.** (ecg, COURT STAFF) (Filed on 12/11/2012) (Entered: 12/11/2012) |
| 12/20/2012 | 86 | ORDER granting 80 Motion to Dismiss. All of the causes of action are DISMISSED WITHOUT LEAVE TO AMEND. Since this order effectively resolves the case, judgment will be entered in favor of Defendant. The Clerk shall close this file. Signed by Judge Edward J. Davila on 12/20/12. (ejdlc4, COURT STAFF) (Filed on 12/20/2012) (Entered: 12/20/2012) |
| 12/20/2012 | 87 | JUDGMENT in favor of Defendant. Signed by Judge Edward J. Davila on December 20, 2012. (ejdlc4, COURT STAFF) (Filed on 12/20/2012) (Entered: 12/20/2012) |
| 01/18/2013 | 88 | NOTICE OF APPEAL to the 9th CCA Melissa J Earll. Appeal of Judgment 87 , Order on Motion to Dismiss, 76 , Order on Motion to Dismiss, Order on Motion for Leave to File,, 61 , Order on Motion to Dismiss, 86 (Appeal fee of $455 receipt number 0971−7419026 paid.) (Aschenbrener, Michael) (Filed on 1/18/2013) (Entered: 01/18/2013) |
| 01/18/2013 | 89 | Transcript Designation and Ordering Form for proceedings held on 08/05/2011 before Judge Jeremy Fogel, re 88 Notice of Appeal, Transcript due by 2/19/2013. (Attachments: # 1 Certificate/Proof of Service)(Aschenbrener, Michael) (Filed on 1/18/2013) (Entered: 01/18/2013) |

| 01/18/2013 | 90 | USCA Case Number 13–15134 Ninth Circuit Court Appeals The schedule is set as follows: Mediation Questionnaire due on 01/25/2013. Transcript ordered by 01/22/2013. Transcript due 02/19/2013. Appellant Melissa J. Earll opening brief due 04/01/2013. Appellee Ebay, Inc. answering brief due 04/29/2013. Appellant's optional reply brief is due 14 days after service of the answering brief. for 88 Notice of Appeal, filed by Melissa J Earll. (cv, COURT STAFF) (Filed on 1/18/2013) (Entered: 01/18/2013) |
|---|---|---|
| 02/13/2013 | 91 | Transcript of Proceedings held on 8–5–11, before Judge Jeremy Fogel. Court Reporter/Transcriber Lee–Anne Shortridge, Telephone number 408–287–4580. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerks Office public terminal or may be purchased through the Court Reporter/Transcriber until the deadline for the Release of Transcript Restriction.After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. Release of Transcript Restriction set for 5/14/2013. (las, ) (Filed on 2/13/2013) (Entered: 02/13/2013) |
| 02/13/2013 | 92 | Certificate of Record forwarded to USCA re appeal 88 Notice of Appeal, : (cv, COURT STAFF) (Filed on 2/13/2013) (Additional attachment(s) added on 2/14/2013: # 1 certificate of record) (cv, COURT STAFF). (Entered: 02/13/2013) |

ER 084

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on April 26, 2013.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated: April 26, 2013                    ASCHENBRENER LAW, P.C.


By: s/ Michael Aschenbrener
Michael Aschenbrener
*Attorneys for Plaintiff-Appellant*