APPEAL NO. 13-15134

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | |
|---|---|
| Melissa J. Earll, | 5:11-cv-262-EJD |
|        Plaintiff-Appellant | |
| v. | |
| eBay Inc. | |
|        Defendant-Appellee. | |

On Appeal from the United States District Court
for the Northern District of California
The Honorable Edward J. Davila, Presiding

**REPLY BRIEF OF APPELLANT**

Michael J. Aschenbrener
ASCHENBRENER LAW, P.C.
795 Folsom St, First Floor
San Francisco, CA 94107
Telephone: 415-813-6245
Facsimile: 415-813-6246
mja@aschenbrenerlaw.com
Attorney for Appellant Melissa J. Earll

## TABLE OF CONTENTS

SUMMARY OF ARGUMENT ................................................................ 1

ARGUMENT .................................................................................... 2

I.   THE DOJ STATES IN DEFERENCE-REQUIRED INTERPRETATIONS
     THAT TITLE III OF THE ADA APPLIES TO WEB-BASED
     SERVICES WITH NO CONNECTION TO PHYSICAL LOCATIONS,
     WHICH THE PLAIN LANGUAGE OF TITLE III SUPPORTS. .......... 2

     A.   The DOJ's official interpretations of its own regulations confirm
          that Title III applies to websites, including eBay. ........................... 2

     B.   The plain language of Title III supports the DOJ's interpretations
          that Title III applies to eBay. ............................................... 7

          1.   eBay is a "public accommodation" as defined in § 12181(7). .... 8

          2.   eBay is a "place," as used in Title III. ........................... 11

     C.   As an "entity," eBay is liable for discrimination under
          § 12182(b)(1)(A). ............................................................ 12

II.  EARLL HAS SUFFICIENTLY STATED AN ADA-INDEPENDENT
     CLAIM UNDER THE DPA. .................................................... 13

     A.   Earll does not need to rely on other laws to sufficiently plead a DPA
          claim because her claim is based on a policy violation, not a
          structural violation. ...................................................... 14

     B.   The DPA applies to websites. ............................................. 16

III. RECENT NINTH CIRCUIT CASE LAW CONFIRMS INTENT IS
     NOT A REQUIRED ELEMENT OF AN UNRUH ACT CLAIM. ........ 18

CONCLUSION ................................................................................ 19

STATEMENT OF RELATED CASES ................................................. 20

CERTIFICATE OF COMPLIANCE ................................................. 21

## TABLE OF AUTHORITIES

**CASES**

*Arizona ex rel. Goddard v. Harkins Amusement Enters. Inc.*, 603 F.3d 666 (9th Cir. 2010) ........................................................................................ 5, 7

*Auer v. Robbins*, 519 U.S. 452 (1997) ............................................... 2, 3, 4

*Davis v. Patel*, No. 11-55908 (9th Cir. Feb. 5, 2013) ............................. 18

*Hankins v. El Torito Restaurants, Inc.*, 63 Cal. App. 4th 510, 74 Cal. Rptr. 2d 684 (Cal. App. 1st Dist. 1998) ..................................................... 17

*K.M. v. Tustin Unified Sch. Dist.*, Case No. 11-56259 (9th Cir. Aug. 6, 2013) 18, 19

*Lerma v. NTT McKee Retail Ctr. LLC*, No. 5:11-cv-2161-LHK (N.D. Cal. Oct. 18, 2011) ............................................................................................. 18

*M.R. v. Dreyfus*, 697 F.3d 706 (9th Cir. 2012) ..................................... 2, 3

*Nat'l Ass'n of the Deaf v. Netflix, Inc.*, 869 F. Supp. 2d 196 (D. Mass. 2012) .. 3, 11

*Nat'l Fed'n of the Blind v. Target Corp.*, 452 F. Supp. 2d 946, 953 (N.D. Cal. 2006) ............................................................................................. 11

*Turner v. Ass'n of Am. Medical Colleges*, 167 Cal. App. 4th 1401 (Cal. App. 2008) ............................................................................................. 17

**STATUTES**

42 U.S.C. § 12181(1) ............................................................................ 9

42 U.S.C. § 12181(6) ............................................................................ 9

42 U.S.C. § 12181(7) ......................................................................... 9, 10

42 U.S.C. § 12182(a) ............................................................................ 8

42 U.S.C. § 12182(b)(1)(A)(i) .......................................................... 7, 13

42 U.S.C. § 12182(b)(2)(A) .................................................................. 8

**OTHER AUTHORITIES**

28 C.F.R. pt. 36, App. A (2011) ................................................................. 6

28 C.F.R. pt. 36, Subpart A, § 36.101 (2011) .......................................... 2

*Church Online: Believers Can Worship On Web, 'Click To Accept Christ,'*
http://www.huffingtonpost.com/2009/11/02/internet-believers-
pastor_n_342479.html ........................................................................... 12

DOJ Statement of Interest, Case No. 3:11-cv-30168-MAP, Dkt. 45 .................. 3, 4

## <u>SUMMARY OF ARGUMENT</u>

The Department of Justice ("DOJ" or "Department") has resolved the parties' dispute as to whether Title III of the Americans with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12182, applies to Defendant-Appellee eBay Inc. ("eBay"). In deference-required interpretations of its own regulations, the DOJ has stated that Title III applies to web-bases services lacking any nexus to physical locations. In addition, the plain language of Title III supports the DOJ's interpretations.

As it relates to the California Disabled Persons Act (the "DPA"), Cal. Civ. Code § 54, Plaintiff-Appellant Melissa J. Earll ("Earll") is not required to rely on other laws or regulations to state a DPA claim because her claim is premised on policy-based discrimination, rather than on structural-based discrimination.

Finally, concerning Earll's California Unruh Civil Rights Act (the "Unruh Act"), Cal. Civ. Code § 51, the Ninth Circuit recently clarified that intent is not a required element of an ADA-independent Unruh Act claim.

For all of these reasons, Earll respectfully requests that the Court reverse the district court's orders and judgment that she failed to state claim for relief under the ADA, DPA, and Unruh Act.

# ARGUMENT

**I.** **THE DOJ STATES IN DEFERENCE-REQUIRED INTERPRETATIONS THAT TITLE III OF THE ADA APPLIES TO WEB-BASED SERVICES WITH NO CONNECTION TO PHYSICAL LOCATIONS, WHICH THE PLAIN LANGUAGE OF TITLE III SUPPORTS.**

**A.** **The DOJ's official interpretations of its own regulations confirm that Title III applies to websites, including eBay.**

The DOJ has interpreted the ADA to apply to web-based services regardless of any connection to a physical location, and this Court is required to defer to these particular DOJ interpretations. Accordingly, this Court must reverse the district court's ruling that Title III does not apply to eBay.

The DOJ is tasked with implementing Title III of the ADA. 28 C.F.R. pt. 36, Subpart A, § 36.101 (2011). This Court has repeatedly held that it is required to "defer to an agency's reasonable interpretation of its own statutorily authorized regulation. An agency's interpretation of its own regulation is 'controlling unless plainly erroneous or inconsistent with the regulation.'" *M.R. v. Dreyfus*, 697 F.3d 706, 735 (9th Cir. 2012) (quoting *Auer v. Robbins*, 519 U.S. 452, 461 (1997)). This includes an interpretation expressed in an amicus brief filed as a part of ongoing

litigation provided the agency is not "seeking to defend past agency action against attack." *M.R.*, 697 F.3d at 735 (citing *Auer*, 519 U.S. at 462).

This Court has also recognized that Statements of Interest are subject to the same mandatory deference as amicus briefs because of an agency's "interest in ensuring a proper interpretation and application of its [rules]." *M.R.*, 697 F.3d at 735.

The DOJ stated in a recent Statement of Interest that Title III of the ADA applies to websites regardless of any connection (or lack thereof) to physical locations. In *Nat'l Ass'n of the Deaf v. Netflix, Inc.*, 869 F. Supp. 2d 196 (D. Mass. 2012), the DOJ filed a Statement of Interest in which it stated that (1) a web-only business with no physical structure is subject to Title III; (2) the twelve enumerated categories of covered entities encompass web-only businesses; and, (3) Title III of the ADA has always covered websites. DOJ Statement of Interest, Case No. 3:11-cv-30168-MAP, Dkt. 45. This Court should afford deference to the DOJ's position as expressed in its Statement of Interest filed in *Netflix* because (a) the DOJ was not a party to the case; (b) it was not seeking to defend past agency action; and, (c) it was pursuing its interest in ensuring a proper interpretation and application of Title III. *M.R.*, 697 F.3d at 735.

"Netflix, which operates its website and Watch Instantly service through computer servers and the Internet, is a public accommodation subject to title III of

the ADA, even if it has no physical structure where customers come to access its services." DOJ Statement of Interest at 5. Like Netflix, eBay operates its website and selling service through computer servers and the Internet. Therefore, eBay "is a public accommodation subject to Title III of the ADA, even if it has no physical structure where customers come to access its services." *Id*.

In addition, "Netflix's Watch Instantly service falls within at least one, if not more, of [the twelve enumerated] categories . . . as a 'sales or rental establishment,' 42 U.S.C. § 12181(7)(E) (including grocery store, shopping center, etc.)." *Id*. at 7. Earll also alleges that eBay is sales or rental establishment under § 12181(7)(E). Excerpts of Record ("ER") 9-10, 31-32, 58-59. Consequently, eBay falls into at least one of the twelve enumerated categories in § 12181(7).

Finally, "[t]he fact that the regulatory process is not yet complete does not support any inference whatsoever that web-based services are not already covered by the ADA, or should not be covered by the ADA." DOJ Statement of Interest at 12. In other words, the ADA has always covered web-based services like eBay.

Ultimately, the DOJ in its Statement of Interest in *Netflix* conclusively establishes that eBay's web-based service is subject to liability under Title III of the ADA. Moreover, the Ninth Circuit, under controlling U.S. Supreme Court case law, must defer to this interpretation. *Auer v. Robbins*, 519 U.S. at 461-62.

Accordingly, this Court is required to determine that Earll sufficiently stated a claim for relief against eBay under Title III of the ADA.

The DOJ's official commentary in the Code of Federal Regulations ("CFR") is also subject to *Chevron* deference. *Arizona ex rel. Goddard v. Harkins Amusement Enters. Inc.*, 603 F.3d 666, 673 (9th Cir. 2010) ("Entities such as [defendant] should be able to rely on the plain import of the DOJ's commentary until it is revised.").

As if the DOJ's Statement of Interest in *Netflix* is not sufficient, the DOJ also states in its official commentary in the CFR that Title III applies to websites. In the official CFR commentary, the DOJ stated:

> Although the language of the ADA does not explicitly mention the Internet, **the Department has taken the position that title III covers access to Web sites of public accommodations**. The Department has issued guidance on the ADA as applied to the Web sites of public entities, which includes the availability of standards for Web site accessibility. *See Accessibility of State and Local Government Websites to People with Disabilities* (June 2003), available at *www.ada.gov/websites2.htm*. As the Department stated in that publication, an agency (**and similarly a public accommodation) with an inaccessible Web site also may meet its legal obligations** by providing an accessible alternative for individuals to enjoy its goods or services, such as a staffed telephone information line. However, such an alternative must provide an equal degree of access in terms of hours of operation and range of options and programs available. **For example, if retail goods** or bank services **are posted on an inaccessible Web site** that is available 24 hours a day, 7 days a week

to individuals without disabilities, then the alternative
accessible method must also be available 24 hours a day,
7 days a week.

28 C.F.R. pt. 36, App. A, at 816 (2011) (emphasis added).

The three emphasis-added selections make it clear that Title III mandates

that eBay comply with Title III of the ADA. First, the DOJ states that "title III

covers access to Web sites of public accommodations." As established above in

§ I.A., *supra*, and below in § I.B.1., *infra*, eBay is a public accommodation by

virtue of satisfying all three criteria specified in § 12181(7). Second, the DOJ states

that a public accommodation with an inaccessible website is not meeting its legal

obligations. This means that eBay—as a public accommodation—must operate a

website that is accessible by the disabled. Third, the commentary specifies that a

public accommodation offering retail goods must operate an accessible website.

Earll alleges that eBay offers all manner of retail goods.[1] ER 10, 32, 59.

Because the DOJ's official commentary states that websites of public

accommodations are required to be accessible by disabled persons, this Court must

conclude that Title III of the ADA applies to eBay. *See Arizona ex rel. Goddard*,

---

[1] In a section of the official commentary concerning ticket websites, the DOJ also
states: "The Department has consistently interpreted the ADA to cover Web sites
that are operated by public accommodations and stated that such sites must provide
their services in an accessible manner or provide an accessible alternative to the
Web site that is available 24 hours a day, seven days a week. The final rule,
therefore, does not impose any new obligation in this area." 28 C.F.R. pt. 36, App.
A, at 749 (2011).

603 F.3d at 673 ("Because the commentary to Title 28, part 36.303 states that open captions are not required by § 36.303, we conclude that open captioning is not mandated by the ADA as a matter of law.").

Based on both the DOJ's Statement of Interest in *Netflix* and the DOJ's official commentary in the CFR, this Court must reverse the district court's decision that Title III of the ADA does not apply to eBay and that Earll failed to state a claim for relief against eBay under Title III of the ADA.

### B. The plain language of Title III supports the DOJ's interpretations that Title III applies to eBay.

To state a claim under Title III of the ADA, Earll must advance one of two legal theories. One, Earll may allege that the discrimination involves the services of a "place of public accommodation." 42 U.S.C. §§ 12182(a) & (b)(2). Or two, Earll may allege that she was denied the opportunity "to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an ***entity***." 42 U.S.C. § 12182(b)(1)(A)(i) (emphasis added). Earll advances both legal theories: eBay violated Title III both as a place of public accommodation and as an entity. ER 11, 32-33, 59-60.

Concerning the first method for stating a Title III claim, eBay argues that it cannot be liable under the ADA because it—as a web-based business—is not a place of public accommodation. Its argument rests on the idea that the ADA

7

requires a place of public accommodation to be a physical location. But the ADA does not state such a requirement, and the plain language of Title III is clear enough that there is no need to resort to any secondary methods of statutory interpretation, such as the canons of construction. By the statute's plain language alone, eBay is a place of public accommodation.

Regarding the second method of stating a Title III claim, eBay is silent. This silence is understandable given eBay is certainly an "entity" and thus subject to liability under this section.

Whether because eBay is a "place of public accommodation," an "entity," or both, eBay is liable for its discriminatory conduct under Title III of the ADA.

### 1. eBay is a "public accommodation" as defined in § 12181(7).

Earll alleges violations of §§ 12182(a) and 12182(b)(2). ER 11, 32-33, 59-60. Section 12182(a) states that

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a). Section 12182(b)(2) specifies the discriminatory activities encompassed by the General prohibition in § 12182(a).

42 U.S.C. § 12182(b)(2)(A) ("For purposes of subsection (a) of this section, discrimination includes—").

The determinative question is whether eBay qualifies as a place of public accommodation. According to § 12181(7), to qualify as a public accommodation, eBay must meet three criteria: 1) it must be a "private entity" as defined by § 12181(6); 2) its operations must affect commerce; and, 3) it must fit into one of the twelve enumerated categories. 42 U.S.C. § 12181(7) ("The following private entities are considered public accommodations for purposes of this subchapter, if the operations of such entities affect commerce—").

First, eBay is a "private entity" as defined by § 12181(6). which defines "private entity" as "***any entity*** other than a public entity (as defined in section 12131(1) of this title)." 42 U.S.C. § 12181(6) (emphasis added).[2] Thus, eBay—as "any" non-public entity—is necessarily a private entity under Title III of the ADA.

Second, eBay's operations affect commerce. Section 12181(1) defines "commerce" as "travel, trade, traffic, commerce, transportation, or communication— (A) among the several States; (B) between any foreign country or any territory or possession and any State; or (C) between points in the same State but through another State or foreign country." 42 U.S.C. § 12181(1). As alleged, eBay facilitates more than $62 billion of commerce every year among the

---

[2] eBay is not a "public entity." 42 U.S.C. § 12131(1) defines "public entity" as
    (A) any State or local government;
    (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and
    (C) the National Railroad Passenger Corporation, and any commuter authority (as defined in section 24102(4) of title 49).

9

several States and among many countries and the several States. ER 10-11, 31-32, 58-59. Accordingly, eBay's operations affect commerce.

Finally, Earll alleges eBay fits into at least two of the twelve enumerated categories of entities. Specifically, Earll alleges eBay is a "place of public gathering" under § 12181(7)(D) and a "clothing store," "hardware store," and "shopping center, or other sales or rental establishment" under § 12181(7)(E) because eBay actually sells clothing and hardware, among many other types of goods. ER 10, 32, 59. Consequently, eBay fits within one or more of the enumerated categories of private entities.

Again, to qualify as a "public accommodation," eBay must be a "private entity" with operations that affect "commerce" and that fits within one of the enumerated categories listed in § 12181(7). 42 U.S.C. § 12181(7). As established above, eBay is a private entity as defined by Title III. eBay also affects commerce, as Title III defines it. And eBay expressly and explicitly falls within at least one of the enumerated categories. Accordingly, eBay meets all of the criteria to qualify as a "public accommodation" as defined by § 12181(7) and used in § 12182(a). The plain language of the statute requires this conclusion, and any other conclusion blatantly violates the plain language of Title III of the ADA.

## 2. *eBay is a "place," as used in Title III.*

eBay argues that "place," as used in Title III, can only mean physical spaces. eBay Br. 15-16. Even if, assuming *arguendo*, this is correct, eBay is still subject to the ADA.

"The ADA covers the services 'of' a public accommodation, not services 'at' or 'in' a public accommodation. 42 U.S.C. § 12182(a). This distinction is crucial." *Nat'l Ass'n of the Deaf v. Netflix, Inc.*, 869 F. Supp. 2d 196, 201 (D. Mass. 2012); *see Nat'l Fed'n of the Blind v. Target Corp.*, 452 F. Supp. 2d 946, 953 (N.D. Cal. 2006) ("The statute applies to the services *of* a place of public accommodation, not services *in* a place of public accommodation. To limit the ADA to discrimination in the provision of services occurring on the premises of a public accommodation would contradict the plain language of the statute.")

Ultimately, discrimination relating to a "public accommodation" like eBay is prohibited even when it occurs off-site, such as at a consumer's home. *Target*, 452 F. Supp. 2d at 953 ("To the extent defendant argues that plaintiffs' claims are not cognizable because they occur away from a 'place' of public accommodation, defendant's argument must fail.") So regardless of whether "place" refers only to physical spaces, eBay is still liable as a public accommodation for discriminating against Earll.

Additionally, eBay is not correct that all of the places listed in § 12181(7)

11

are physical spaces. eBay Br. 16. For example, many places of worship exist solely online now, so eBay's argument that an "Internet theology forum is not a 'place of worship' misses the point. Whole churches are springing up online and real worship occurs beyond "real, physical spaces."[3] Thus, the Court need not assume *arguendo* that eBay is correct that all of the places listed in § 12181(7) are physical spaces as eBay's argument is demonstrably incorrect.

In the end, eBay's "place" argument misses the mark because the word "of" deserves the same recognition that eBay seeks for the word "place." As established above, eBay is—without question—a public accommodation. As such, it must not discriminate on the basis of disability, even when the discrimination occurs off-site.

### C. As an "entity," eBay is liable for discrimination under § 12182(b)(1)(A).

In its effort to avoid liability for its discriminatory conduct, eBay incorrectly argues that Title III only applies to "places of public accommodation." eBay Br. 12. Presumably, eBay is referring to § 12182(a) and ignoring § 12182(b)(1)(A). Section 12182(a) is only the beginning of Title III's prohibitions, and § 12182(b)(1)(A) is not limited to places of public accommodation, and instead

---

[3] *Church Online: Believers Can Worship On Web, 'Click To Accept Christ,'* http://www.huffingtonpost.com/2009/11/02/internet-believers-pastor_n_342479.html.

applies more broadly to "entit[ies]." 42 U.S.C. § 12182(b)(1)(A)(i)  ("it shall be discriminatory to subject [disabled persons] . . . to a denial of the opportunity of the [disabled persons] to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity.").

As demonstrated above, eBay is an entity. Also, Earll alleges eBay violated § 12182(b)(1)(A)(i) by denying her the opportunity to participate in or benefit from the use (services, privileges, advantages, or accommodations) of eBay. ER 2-11, 23-34, 50-60. Accordingly, Earll has sufficiently pleaded that eBay violated this subsection of Title III.

For all of the reasons stated above, this Court should and must reverse the district court's orders and judgment that Earll failed to state a claim for relief against eBay under the ADA. Furthermore, because Earll alleged ADA-dependent claims under the DPA and Unruh Act (as well as ADA-independent claims, which are addressed below), this Court must also reverse the district court's orders and judgment that Earll failed to state ADA-dependent DPA and Unruh Act claims.

## II. EARLL HAS SUFFICIENTLY STATED AN ADA-INDEPENDENT CLAIM UNDER THE DPA.

In response to Earll's argument that she sufficiently stated a claim for relief under the California Disabled Persons Act ("DPA"), eBay: (1) relies on the wrong line of cases to argue that the DPA is not a freestanding statute in the specific

context of alleged policy violations (rather than alleged structural violations); and, (2) cites zero cases that hold the DPA does not apply to websites.[4] eBay's arguments are as questionable as they are insufficient.

## A. Earll does not need to rely on other laws to sufficiently plead a DPA claim because her claim is based on a policy violation, not a structural violation.

In order to state a claim under § 54.1(a) of the DPA, Earll does not need to plead violations of other laws or regulations when the alleged discrimination is based on a policy impediment rather than a structural impediment. In other words: when a business's policy violates the DPA, it is a freestanding statute; when it comes to structural impediments, the DPA may not be a freestanding statute. Because Earll alleges eBay's policy violates the DPA, she need not rely on other laws or regulations.

In *Hankins v. El Torito Restaurants, Inc.*, the California Court of Appeals addressed the precise issue about which the parties argue in this case: whether the DPA is a freestanding statute when the plaintiff's allegations concern a discriminatory policy rather than the physical design of a structure. 63 Cal. App. 4th 510, 74 Cal. Rptr. 2d 684, 691 (Cal. App. 1st Dist. 1998) ("But the issue we

---

[4] eBay also argues that this Court should simply "delete" the word "transportation from § 54.1(a)(3) in order to rule in eBay's favor. This argument merits no reply.

address is whether violation of a disability access standard is a prerequisite for imposing liability under Civil Code sections 54 et seq.")

And the court held that the DPA is a freestanding statute when it comes to policy impediments even if it is not freestanding when it comes to structural impediments. *Id.* at 693 ("In sum, we hold that sections 54.1 *et seq.* apply to policies as well as structural impediments. The statute is violated by policies, ***not otherwise compelled by law***, which deny disabled individuals full and fair access to public accommodations.") (emphasis added).

The court in *Hankins* also directly addressed *Marsh v. Edwards Theatres Circuit, Inc.*, 134 Cal. Rptr. 844 (Cal. Ct. App. 1976), the primary case on which eBay relies, and determined that it is not relevant to the allegations of the instant case. *See* 74 Cal. Rptr. 2d at 692 ("*Marsh* may establish a rule that a structural impediment to access does not violate section 54.1 unless the impediment also violates a structural access standard. But any such rule and the reasoning that may sustain it is inapposite when the basis of a section 54.1(a) claim is the policy of the proprietor of a public accommodation rather than the design of the accommodation itself. Thus, *Marsh* and cases following it are irrelevant to the issue we address.")

In the instant case, Earll alleges eBay maintains and enforces a discriminatory policy, not a discriminatory structure, in violation of the DPA. ER 12-13, 34-36, 61-63, 64, 69 ("Plaintiff based these claims on assertions that

she, as a deaf individual, was unable to register as an eBay seller because Defendant failed to provide her with an accommodation to its telephonic identity verification policy."). Thus, *Hankins* applies to the instant case and *Marsh* does not. Accordingly, Earll's allegations are sufficient to state a claim under the DPA because the DPA "is violated by policies, not otherwise compelled by law, which deny disabled individuals full and fair access to public accommodations." *Hankins*, 74 Cal. Rptr. 2d at 693.

### B. The DPA applies to websites.

eBay argues that the DPA does not apply to websites, but does not cite to any cases to support its argument. On the other hand, Earll can and does cite to multiple cases to support her argument that the DPA applies to websites. Additionally, logic supports Earll's position for at least two reasons. One, the DPA applies to discriminatory policies in addition to physical, structural barriers. Thus, the DPA logically applies to non-physical locations. Two, the DPA also protects persons with mental disabilities in addition to those with physical disabilities. While Earll's disability is physical, the fact that the DPA protects mentally disabled persons establishes that the DPA's coverage is not limited to physical barriers. Accordingly, the DPA applies to websites like eBay.com.

According to the California Court of Appeals, the DPA may apply to websites. *Turner v. Ass'n of Am. Medical Colleges*, 167 Cal. App. 4th 1401, 1412

(Cal. App. 2008) ("Its focus is upon *physical* access to public places, though the [DPA] may also be construed as requiring equal physical access to a nontangible location such as an Internet site." (emphasis in original)).

The court's recognition in *Turner* makes sense in light of the fact that the DPA applies to discriminatory policies as well as physical barriers. *Hankins*, 74 Cal. Rptr. 2d at 692 ("The broad language of sections 54.1(a) *et seq.* reflects that legislative intent and leads us to conclude that policies which deny disabled individuals full and equal access to public accommodations are easily encompassed by this broad statutory language."). Because the DPA applies to policies and not only physical impediments, it makes further sense that application of the DPA not be limited to physical spaces. In addition, the fact that the DPA protects mentally disabled persons further supports the conclusion that the DPA's coverage is not limited to physical spaces. *Turner*, 167 Cal. App. 4th at 1412.

Given the logic and purpose of the DPA supports the application of the DPA to websites, and given other courts have recognized and ruled that the DPA applies to websites—while no courts have ruled otherwise—this Court should also hold that the DPA applies to websites, including eBay.

Having established that she has sufficiently alleged a claim under § 54.1 of the DPA, Earll requests that the Court reverse the district court's orders and judgment dismissing her DPA claim.

## III. RECENT NINTH CIRCUIT CASE LAW CONFIRMS INTENT IS NOT A REQUIRED ELEMENT OF AN UNRUH ACT CLAIM.

On August 6, 2013, the Ninth Circuit issued its opinion in *K.M. v. Tustin Unified Sch. Dist.*, Case No. 11-56259 (9th Cir. Aug. 6, 2013). In so doing, the Court resolved in Earll's favor the issue of whether a plaintiff alleging an independent claim under the Unruh Act is required to plead intent.

In *K.M.*, the Court specifically mentions that "the district court noted that Unruh Act liability requires intentional discrimination or an ADA violation." *K.M.*, at *9. The Court in *K.M.* then notes that it will "not discuss K.M.'s Unruh Act claim separately from her ADA claim." *Id.*, at *9 n.1. By this statement, the Court effectively rules the same as the court in *Lerma v. NTT McKee Retail Ctr. LLC*, No. 5:11-cv-2161-LHK, at *6-7 (N.D. Cal. Oct. 18, 2011) "that the burdens of proof and standards of liability are identical for ADA and Unruh Act claims." Accordingly, just as intent is not a required element of an ADA claim, intent is not an element of an Unruh Act claim.[5]

Just in case this leaves any doubt, though, the ruling in *K.M.* should clear it up. The Court reversed the district court's summary judgment ruling that the Unruh

---

[5] The Court's statement in *K.M.* is consistent with its ruling in *Davis v. Patel*, No. 11-55908, at *3 (9th Cir. Feb. 5, 2013) in which it held unequivocally that intent is not a required element of an Unruh Act claim. ("But 'it is undisputed that a plaintiff need not show intentional discrimination in order to make out a violation of the ADA' or the Unruh Act." (citation omitted.)

Act claim requires intent, and expressly ruled that the defendant may not renew its motion for summary judgment on the ground that the Unruh Act requires intent. *K.M.*, at *28-29. There is now no doubt or dispute that Earll is not required to plead intent in order to sufficiently state a claim under the Unruh Act.[6]

The only reason the district court dismissed Earll's ADA-independent Unruh Act claim is because it held that intent is a required element of an Unruh Act claim. ER 73. The court offered no other basis for dismissing her claim. As established above, though, intent is not a required element of an Unruh Act claim. Consequently, the district court's dismissal was erroneous and should be reversed.

## CONCLUSION

For the reasons discussed herein, Earll respectfully asks this Court to reverse the District Court's judgment and orders granting eBay's motions to dismiss with prejudice as to Earll's claims for violations of the ADA, the DPA, and the Unruh Act and denying Earll's motion for leave to file an amended complaint.

Dated: August 12, 2013                                    ASCHENBRENER LAW, P.C.


                                                          By: s/Michael Aschenbrener
                                                          Michael Aschenbrener
                                                          *Attorneys for Plaintiff-Appellant*

---

[6] For the record, Earll does not concede that she failed to plead intent.

19

## <u>STATEMENT OF RELATED CASES</u>

Plaintiff-Appellant Earll is aware of no related cases.

## <u>CERTIFICATE OF COMPLIANCE</u>

This brief complies with the type-volume limitation of Fed. R. App. P.

32(a)(7)(B) because:

■ this brief contains 4523 words, excluding the parts of the brief exempted by

Fed. R. App. P. 32(a)(7)(B)(iii).


Dated: August 12, 2013                          ASCHENBRENER LAW, P.C.


                                               By: <u>s/ Michael Aschenbrener   </u>
                                               Michael Aschenbrener
                                               *Attorneys for Plaintiff-Appellant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on August 12, 2013.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.


Dated: August 12, 2013                    ASCHENBRENER LAW, P.C.


                                         By: s/ Michael Aschenbrener
                                         Michael Aschenbrener
                                         *Attorneys for Plaintiff-Appellant*